## McALESTER v. WILLIAMS.

No. 8592—Opinion Filed Nov. 25, 1919.

Rehearing Denied Jan. 6, 1920.

(Syllabus by the Court.)

**1. Contracts—Statute—Damages—Penalties.**
The effect of section 974, Revised Laws 1910, is to reject and avoid the penal clauses

in contracts, leaving the obligees to a collection of the actual damages sustained.

**2. Same—Liquidated Damages.**

The effect of sections 975 and 976, Revised Laws 1910, is to avoid, to that extent, every contract by which the amount of damages to be paid for the breach of a contract is determined in anticipation thereof, except where from the nature of the case it would be impracticable or extremely difficult to fix the actual damage. Stipulations and conditions falling within the exception, the statute provides, "shall be held valid."

**3. Same—Question of Law.**

The question whether the amount stipulated to be paid upon failure of performance is to be treated as liquidated damages or as a penalty, is, in its last analysis, a question of law for the court, to be determined from the language and subject-matter of the contract, the evident intent of the parties, and all the facts and circumstances under which the contract was made.

**4. Same—Damages Difficult to Fix.**

Record examined, and held, that the stipulation or condition of the contract involved herein provides for the payment of a sum which was presumed to be the amount of damages which would be sustained by a breach thereof and that, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

Error from District Court, Pittsburg County; R. W. Higgins, Judge.

Action by J. J. McAlester against Sol Williams. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Andrews & Liedtke, for plaintiff in error.

Gordon & McInnis, for defendant in error.

KANE, J. This was an action for the recovery of a sum certain of money alleged to be due as liquidated damages for breach of contract and for the foreclosure of a mortgage, given to secure the payment of said sum, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

Upon the cause being reached for trial the defendant offered to confess judgment for nominal damages, "in such sum as shall be fixed by the court and for costs of the action accrued to this date," which offer was refused by the plaintiff, whereupon the cause proceeded to trial. After the evidence was all in, each party moved the court for judgment in his favor on the evidence in the case, upon the consideration of which, the court rendered judgment in favor of the defendant, to reverse which this proceeding in error was commenced. As indicated by these proceedings there was no conflict in the evidence on any material point, the petition alleging and the evidence disclosing substantially the following state of facts:

On the 17th day of May, 1918, the plaintiff sold to the defendant certain lots in the city of McAlester, at which time the parties entered into a certain contract in writing, by the terms of which it was agreed that as a part of the consideration of said sale the defendant herein, who was party of the first part to said contract, would erect, within a specified time, a certain kind of building upon the lots described in the contract, with walls thereof of certain specifications, and that in default of erecting said building the defendant, the party of the first part, named in the contract, would pay the plaintiff, the party of the second part, named in the contract, the sum of $1000 as liquidated damages. And said defendant further agreed to indemnify said party of the second part by a clause in a mortgage which was to be given to secure the payment of the consideration of this purchase, which consideration, in addition to the erection of said building, was to amount to something like five or six thousand dollars in money; that this sale was consummated and the mortgage executed containing the indemnity clause, pursuant to the terms of the contract, which indemnity clause, after reciting the facts substantially as stated above, continued as follows:

Now it is understood and agreed, that the party of the first part agrees and binds himself that in case of a default on his part in building on said lands within the time mentioned in said contract, according to the specifications of said contract, and located according to said contract, then, and in case of such default this mortgage shall be, and is hereby made, security for the prompt payment, on demand and after such default, of the said liquidated damages in the sum of one thousand dollars ($1000) and this mortgage shall be and remain in force and be subject to foreclosure for the same, notwithstanding the note described herein may have been fully paid, and in construing this clause, the said contract of April 2nd, 1909, aforesaid, is specifically referred to for final reference in case of an alleged default.

It was also alleged and proven that the defendant breached the terms of the contract and the indemnity clause of the mortgage, referred to, by failing to erect a building of stone or brick in accordance with the terms of said contract and by failing to erect any other kind of a building upon said property.

It is contended by counsel for the defendant that, on this uncontradicted statement of facts, the amount stipulated to be paid for non-performance of the contracts must be deemed to be a penalty and held to be void under section 974, Rev. Laws 1910. On the other hand, counsel for the plaintiff contends that the stipulation or condition sued upon is sanctioned by sections 975 and 976, Rev. Laws 1910, and he is therefore entitled to recover the full amount stated in the contract as liquidated damages. As the decision of this question requires the consideration of the foregoing statutes we will set them out in full.

They provide as follows:

Section 974. "Penalties imposed by contract for any non-performance thereof, are void. But this section does not render void such bonds or obligations, penal in form, as have heretofore been commonly used; it merely rejects and avoids the penal clauses."

Section 975. "Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section."

Section 976. "A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

Whether the sum mentioned in a contract is to be considered as liquidated damages or as a penalty merely is, says Mr. Justice Taylor, in Smith v. Newale, 37 Fla. 147, a question that has often come before the courts, both in this country and in England, and has given rise to as great a variety of judicial utterances as there are kinds of contracts among men. Originally, at law, in case of the breach of a condition or obligation of this sort, the amount recoverable was the full amount named in the obligation, without regard to the actual damage sustained. Later equity ameliorated the rigors of the common law by granting relief against the enforcement of penalties. Mr. Adams in his treatise on Equity (8th American Ed.) 107, says that:

"The equity for relief against enforcement of penalties originates in the rule which formerly prevailed at law, that on breach of a contract secured by penalty, the full penalty might be enforced without regard to the damages sustained."

The rule in equity is stated by Mr. Justice Store (Story's Eq. Jur., section 1314) as follows:

"In short, the general principle now adopted is, that wherever a penalty is inserted merely to secure the performance or enjoyment of a collateral object, the latter is considered as the principal intent of the instrument, and the penalty is deemed only as accessory, and therefore as intended only to secure the due performance thereof or the damage really incurred by the non-performance. In every such case the true test (generally if not universally) by which to ascertain whether relief can or cannot be had in equity is to consider whether compensation can be made or not. If it cannot be made, then courts of equity will not interfere. If it can be made, then if the penalty is to secure the mere payment of money, courts of equity will relieve the party upon paying the principal and interest. If it is to secure the performance of some collateral act or undertaking, then courts of equity will retain the bill and will direct an issue of quantum damnificatus; and when the amount of damages is ascertained by a jury upon the trial of such an issue, they will grant relief upon the payment of such damages."

Subsequently the statute of eight and nine William III was enacted which made provision for practically the same measure of relief in actions at law as might have been obtained in equity. That is to say, the statute restricted obligees in actions for penalties to the collection of the actual damages sustained. However, when penalties became unavailing for the reason that the obligee was required to accept compensation in damages for such injury as he could show he had sustained, there arose a form of contract whereby the parties anticipated and agreed in advance for a certain amount of damages which would be accepted as full compensation for such injuries as might be sustained by a breach of the contract. Out of this has grown the distinction between a penalty and liquidated damages, a distinction to be kept in mind on account of the different effect given by the courts to provisions of this character.

The casual review of the history and growth of the principle now being considered clearly discloses that our statute not only adopt in the main the equitable rule for relief against penalties embodied in the English statute, but that they also adopt, in somewhat modified form, the outgrowth of the equitable rule, the doctrine of liquidated damages. The effect of section 974, supra, as we have seen, is to reject and avoid the penal clauses in contracts, leaving the obligees to the collection of the actual damages sustained. And the effect of sections 975 and 976 is to avoid, to that extent, every contract by which the amount of damages to be paid for the breach of a contract is determined in anticipation thereof, except

where, from the nature of the case, it would be impracticable or extremely difficult, to fix the actual damage. Stipulations or conditions falling within the exception, the statute provided, "shall be held valid." It is apparent from all this that while the question whether the amount stipulated to be paid upon failure of performance is to be treated as liquidated damages or as a penalty, is, in its last analysis, still a question of law for the court, to be determined from the language and subject-matter of the contract, the evident intent of the parties, and all the facts and circumstances under which the contract was made (2 Elliott on Contracts, section 1559). The tests for determining this question have been greatly reduced in number by the statutes.

Formerly there were a great many rules or tests resorted to by the courts to aid them in determining whether the sum mentioned in the contract was to be considered as liquidated damages or as a penalty, but the principal rule relied upon for guidance was always the one now prescribed by the statute, supra, that when the actual damages which may result from the breach of a contract are in their nature uncertain and cannot be measured with any degree of accuracy, the sum agreed to be paid by the party in default will be regarded as liquidated damages. 2 Elliott on Contracts, section 1559.

In view of this, no useful purpose would be subserved by adverting any further to the various other rules peculiar to stipulations of this sort, or citing the numerous authorities illustrating the application of these rules to particular cases.

We think our statutes, which seem to be declaratory of the rule in equity, are decisive of the case at bar. Clearly the stipulation or condition in the contract under consideration provides for the payment of an amount which was presumed by the parties to be the amount of damage which would be sustained by one of the parties in case of a breach of such contract by the other party. Unquestionably the obligee would suffer some damage by a breach of this stipulation. Obviously from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage. In these circumstances it seems to us that the stipulation involved must be held to be valid by the direct mandate of the statute and that it falls squarely within rule laid down in Sun Printing, etc., Ass'n. v. Moore, 183 U. S. 642, substantially as follows:

Where the amount of the damages for the breach of a contract is uncertain and difficult of ascertainment, and the agreement discloses the intention of the parties to fix a sum certain as the liquidated damages, the contract will be enforced.

The same rule is stated another way by the Circuit Court of Appeals of the Eighth Circuit in Pressed Steel Car Co. v. Eastern Ry. Co. of Minnesota, 57 C. C. A. 635, as follows:

"When it is certain that some damages will result from delay in the performance of a contract, when those damages are incapable of exact ascertainment, or are based upon matters that are to a considerable degree uncertain, and when the amount stipulated is not, on the face of the agreement, out of all proportion to the probable loss, a contract to pay a sum certain for each day, week, or other definite period of delay beyond the time fixed by the contract for its fulfillment is a valid and enforceable agreement for the measurement of the damages, and is not a contract for a penalty."

The language of the condition breached in the case at bar is clear and distinct in denominating the one thousand dollars liquidated damages, and expressly negatives the idea of its being inserted as a penalty. This occurs in that part of the contract where the penal sum is usually inserted, and the same language denominating it as liquidated damages is repeated in the indemnity clause of the mortgage.

If in these circumstances the parties may not agree upon the payment of an amount which shall be presumed to be the amount of damages sustained for breach of an obligation, it is difficult to perceive any field whatever for the operation of the statutes authorizing such contracts.

For the reasons stated, the judgment of the court below is reversed and the cause remanded with directions to enter judgment for the plaintiff upon his motion.

All the Justices concur, except HIGGINS, J., disqualified, not participating.