**BOARD OF ED., CITY OF SAPULPA, v. BROADWELL.**

No. 15417—Opinion Filed Dec. 8, 1925.

Rehearing Denied March 30, 1926.

**1. Pleading—Judgment on Pleadings—Nature of Motion.**

A motion for judgment on the pleadings is in the nature of a general demurrer, and thus admits all facts well pleaded and all reasonable inferences deducible therefrom.

**2. Damages—Liquidated Damages or Penalty—Question of Law.**

The question whether the amount stipulated to be paid upon failure of performance is to be treated as liquidated damages or as a penalty, is, in its last analysis, a question of law for the court, to be determined from the language and subject-matter of the contract, the evident intent of the parties, and all facts and circumstances under which the contract was made.

**3. Same — Schools and School Districts — Breach of Contract to Buy School Bonds at Statutory Minimum Price — Measure of Damages.**

B. agreed to purchase a large issue of school bonds at the statutory minimum price of par and accrued interest, depositing $1,000 "to be forfeited as liquidated damages" for his failure to perform. The bond market declined and B. then defaulted. Held, the damages suffered by the board of education were the inconvenience and loss to the scholastic population of the use of the buildings, equipment and other educational facilities which the board was unable to provide for lack of funds, due to such default of B. If B. had agreed to purchase above par and defaulted but the market had declined only to such statutory minimum, or any price less than the contract, such had not been the damages under said agreement. That the board sold such bonds at less than said price in violation of law is immaterial to the rights of B., and such decreased price furnishes no measure for the damages suffered by the board.

**4. Same—Actual Damages Impracticable to Fix.**

Under syllabus paragraph 2, the agreement of syllabus paragraph 3, supra, is not a penalty or forfeiture, under section 5068, C. O. S. 1921, but is for liquidated damages under the next section, and is therefore valid, since it would be impracticable or extremely difficult to fix the actual damages.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by George R. Broadwell against the Board of Education of City of Sapulpa. Judgment for plaintiff, and defendant appeals. Reversed.

George L. Burke, for plaintiff in error.

John R. Miller, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiff, Broadwell, on his motion had judgment on the pleadings against the board of education of the city of Sapulpa for $1,000 and interest, from which the latter appeals. Plaintiff alleged that on January 24, 1922, defendant had issued and was offering for sale its school bonds of the par value, $275,000; and that said issue, or so much thereof as might be approved by plaintiff's attorneys, was duly sold to plaintiff; that thereafter a written contract was executed between the parties whereby plaintiff agreed to buy said issue, or so much thereof as might be so approved, at par value with accrued interest, to be paid in cash within ten days after such approval by depositing in an Oklahoma City bank for credit of the treasurer of defendant board; that the bonds were to be placed in escrow in such bank to be delivered on such payment. The contract also provided:

"The party of the second part does hereby place in the hands of the party of the first part the sum of $1,000 as evidence of good faith on his part in the performance of

the contract hereinabove set out, the same to be forfeited to the party of the first part as liquidated damages in case the party of the second part fails to carry out his part of this contract as per the terms of this contract."

Plaintiff further alleged that he deposited said $1,000 with defendant board; that said issue was approved in the sum of $235,000, and plaintiff "began making preparations to take up said bonds, but owing to a sharp decline in the bond market, this plaintiff realized he would not be able to take up all of said bonds before the expiration of the ten days provided in said contract," and thereupon asked for an extension of time, which was acquiesced in by defendant; that a few days thereafter, plaintiff offered to take up the bonds, but that defendant had disposed of same to other parties; that thereafter defendant declared a forfeiture of said $1,000 and refused to pay same to plaintiff. Defendant pleaded:

"In further answering, this defendant alleges it was agreed and understood at the time said contract was made that the plaintiff forfeit the sum of $1,000 specified in said contract as liquidated damages, it being recognized that in case of forfeiture that any actual damages in consequence thereof or the amount thereof would . be extremely difficult, or impossible to ascertain.

"That this defendant alleges that the plaintiff breached said contract by failing and refusing to take up said bonds as per the terms of said contract, though this defendant carried out its part of said contract, and stood ready and willing and able at all times to comply with said contract according to the terms thereof.

"It denies that at any time it agreed to or did in any manner extend said contract or in any wise change or limit the time in which plaintiff had to take over said bonds under the said contract.

"It is true that after plaintiff had failed and refused to take up said bonds as per the terms of said contract, this defendant did declare the $1,000, put up by plaintiff, forfeited to this defendant for the breach of said contract as per the terms thereof; and did thereafter seek a sale of said bond in the market and was forced to sell same at the highest bid offered therefor, being $1,000 less than the amount contracted for to this plaintiff."

Plaintiff contends that the contract was for a penalty and therefore void under section 5068, C. O. S. 1921:

"Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof is to

that extent void, except as expressly provided by the next section."

Defendant contends that the same was for liquidated damages under the next section, to wit:

"A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case it would be impracticable or extremely difficult to fix the actual damage."

If plaintiff's contention be true, defendant was entitled only to such actual damages as it might allege and be able to prove; if defendant's contention be correct, then the agreement in terms to forfeit said $1,000 as liquidated damages is valid under such exception because it was impracticable or extremely difficult to estimate the damages.

1. It is well settled that a judgment on the pleadings is in the nature, and subject to the rules, of a demurrer; that as such it admits all facts well pleaded and all reasonable conclusions and inferences deducible therefrom; or as held in Miers v. Hogan, 79 Okla., 233, 192 Pac. 811, defendant's pleading will be construed so as to bring to its aid every reasonable intendment in favor of the sufficiency thereof.

2, 4. Defendant, board of education, was a municipal corporation, charged with the duty of expending funds of the taxpayers. The bonds had been voted and it was the duty of defendant to convert them into cash by sale in order to have the money with which to erect school buildings or to equip same or to use same otherwise for the education of the youth, and therefore for the benefit of society or the state. Education is a function of the state. This duty of the board in so handling such funds was fiduciary—almost sacred. Defendant entered into a contract with plaintiff to sell $235,000 of such issue to plaintiff at the agreed statutory minimum price of par plus accrued interest. It appears from plaintiff's allegation of a sharp decline in the bond market, that such market was fluctuating. Had the market advanced sharply, instead of declining sharply, plaintiff had made a handsome profit on this large purchase, and defendant had been bound to deliver the bonds under the contract. In that event, no bond or deposit was necessary to protect defendant, the trustees of the children of the district. The bond must have been given to insure defendant that plaintiff would take the bonds, if the market declined below said contract

price or remained the same. Now what was the damage resulting to defendant by the failure of plaintiff to carry out his contract by paying said price for said bonds? We look to said purpose for which same were or could be issued. The board would be without the cash to build or complete its school buildings and to furnish and equip the same, or to meet other educational needs. Thereby the scholastic population of the district would be deprived of the use of such buildings, improvements, equipment or other benefits for which defendant board legitimately might have expended the funds. The mere statement of such damages is to show that it had been impracticable or extremely diffcult to fix the actual damages, if not utterly impossible so to do. The nature and general character of such damages are not clearly pleaded by defendant in its answer. They are inferable from the pleadings; they are reasonable intendments in favor of defendant, under said rule for construing pleadings when attacked by demurrer.

Whether a sum mentioned in a contract be liquidated damages or a penalty, is one of the most subtle questions of the law, and has led to innumerable adjudications. See 17 C. J. 931, et seq. After all, the rules are not so complicated — the difficulty arises from an application thereof to the particular facts in a given case. This court has, on numerous occasions, considered and announced the rules which we hold are applicable to the instant case. The leading authority is, perhaps, McAlester v. Williams, 77 Okla. 65, 186 Pac. 461. Mr. Justice Kane there discusses the basis and history of the said statutes quoted above. The essential facts of that case, germane to the instant case, were that the defaulting party had agreed to erect a building of certain specifications, kind and character, on certain real estate within a specified time, or forfeit $1,000 as liquidated damages. There the rule announced is that:

"The question whether the amount stipulated to be paid upon failure of performance is to be treated as liquidated damages or as a penalty, is, in its last analysis, a question of law for the court, to be determined from the language and subject-matter of the contract, the evident intent of the parties, and all the facts and circumstances under which the contract was made."

Applying said rule to the facts in that case, it was said:

"Unquestionably the obligee would suffer some damage by breach of this stipulation. Obviously from the nature of the case it would be impracticable or extremely difficult to fix the actual damage."

It was therefore held that the contract was valid under said second section quoted, supra, as an exception to the preceding section inhibiting enforcement of penalties or forfeitures. Beatty v. Armstrong, 95 Okla. 109, 218 Pac. 516; Garr v. Minnick, 100 Okla. 109, 228 Pac. 481; Langford v. Oklahoma State Bank, 109 Okla. 82, 234 Pac. 744.

Plaintiff contends that defendant could not legally sell said bonds for less than par and accrued interest, citing the statute so providing; and that such bonds in the hands of defendant board were always worth par and accrued interest, citing Independent School Dist. v. First Nat. Bank of Iowa (Iowa) 194 N. W. 196. For the purposes of this decision, let such contentions be conceded. On motion of plaintiff, defendant alleged that it had sold said bonds for $1,000 less than par and accrued interest. It thus violated the law—it could not legally do so. But plaintiff could not gain any advantage from such misconduct of defendant. Defendant seems to have supposed that the loss of $1,000, incurred by such illegal sale, was its measure of damage. Conceding that the bonds could not be worth less than par and accrued interest, under the statute, in the hands of the defendant, it is immaterial to the rights of the plaintiff whether they were so sold. If defendant had not sold in violation of the law, and had held said bonds because of its inability to sell at the price agreed to be paid by plaintiff, the said damage suffered by defendant was the same. That defendant sold the bonds for less than par and interest shows, perhaps, that defendant was in need of the proceeds for such purposes, and in consequence of the default of plaintiff, such need not being satisfied, it suffered such damages as we have inferred. This court will presume that both parties knew the law and made their contract in contemplation thereof. They both knew that said bonds could not be sold by defendant for less than par and interest. They must, therefore, have contemplated that if plaintiff breached his contract to purchase said bonds at that price, and the bond market declined, that defendant could not and therefore would not sell same for less and would be compelled to hold such bonds, and being thus without the money, would suffer such damages as we have inferred so as aforesaid. It is evident that if plaintiff had agreed to purchase the bonds at, say, ten per cent. above par, plus accrued interest, and plaintiff had breached such contract, and defend-

ant could have sold and did sell for five per cent. above par and interest—that defendant's damages had been readily ascertainable. In that event, defendant would have had the funds and would not have suffered the damages herein. Thus, the damages suggested must have been in the contemplation of the parties as proximately resulting from such breach. Said sum of $1,000 bears a very reasonable proportion, we think, to the damages which the parties contemplated might flow from plaintiff's failure to pay for $235,000 of bonds.

Let the judgment be reversed, and the cause remanded for further proceedings not inconsistent herewith.

By the Court: It is so ordered.

Note:—See under (1) 31 Cyc. p. 606. (2) 17 C. J. pp. 934, §233; 935, 936, §234. (3) 17 C. J. p. 847, §168. (4) 17 C. J. pp. 932, § 231; 956, § 253.