## SOUTHERN MOTOR SUPPLY CO. v. SHELBURNE MOTOR CO.

No. 24874.   June 4, 1935.

Reuben M. Roddie, Ralph P. Welch, and V. V. Harris, for plaintiff in error.

Everest, McKenzie, Halley & Gibbens, for defendant in error.

OSBORN, V. C. J. This action was commenced in the district court of Oklahoma county by the Shelburne Motor Company, hereinafter referred to as plaintiff, against the Southern Motor Supply Company, hereinafter referred to as defendant, wherein it was sought to recover the sum of $225 as damages arising through the breach of a rental contract. The cause was tried to the court, and a judgment rendered in favor of plaintiff, from which defendant appeals.

The stipulated facts are that on January 10, 1928, a lease contract was entered into whereby plaintiff leased to defendant a building in Oklahoma City, Okla., for a term of five years, at the rate of $400 per month payable in advance. The lease further provided for the payment of an original sum of $800 as rental for January and February, 1933, the last two months of the term. It further provided that if the terms of the lease were violated and the lease forfeited, the plaintiff was to retain the $800 as liquidated damages.

On May 31, 1931, after notice to plaintiff, defendant surrendered the premises and gave plaintiff leave to retain the $800 as liquidated damages. The rent had been paid in full up to the date of the forfeiture of the lease. Plaintiff refused to accept the surrender of the premises and notified defendant that it would be held to the terms of the lease, and made demand for payment of the balance of the rent as provided by the terms of the lease.

The parties then entered into a written agreement by the terms of which plaintiff was to rent the property to the Parrott Motor Company for $175 a month, and further agreed that this was not to prejudice the rights of either party in the determination of the issues raised in this action. Plaintiff rented the property to the Parrott Motor Company, credited defendant with $175, and demanded $225 as the balance due on the rent for the month of June, 1931.

Defendant contends that by the terms of the lease the $800 paid and held by plaintiff was fixed by the contract as liquidated damages in the event of forfeiture of the lease, and that plaintiff is not entitled to further damages by reason of said forfeiture. Plaintiff contends that the $800 was a penalty instead of liquidated damages and under the law of Oklahoma the parties are prohibited from contracting for the payment of a penalty in case of a breach of the contract, and to such extent the contract is void and without effect, and therefore plaintiff is entitled to collect the full amount of the rental as provided by the contract, less the credit given to defendant of the rental paid by the Parrott Motor Company.

We are cited to the following statutes as they appear in O. S. 1931, as being applicable to the issues raised herein:

"Section 9488. Penalties imposed by contract for any nonperformance thereof, are void. But this section does not render void such bonds or obligations, penal in form, as have heretofore been commonly used; it merely rejects and avoids the penal clauses.

"Section 9489. Every contract by which the amount of damages to be paid or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section.

"Section 9490. A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damages."

It is agreed by the parties that there is but one question to be determined and that is whether the sum of $800 mentioned in the contract is liquidated damages or is a penalty. In the case of Board of Education of the City of Sapulpa v. Broadwell, 117 Okla. 1, 245 P. 60, it is said:

"Whether a sum mentioned in a contract be liquidated damages or a penalty, is one of the most subtle questions of the law, and has led to innumerable adjudications. See 17 C. J. 931, et seq. After all, the rules are not so complicated—the difficulty arises from an application thereof to the particular facts in a given case. This court has, on numerous occasions, considered and announced the rules which we hold are applicable to the instant case. The leading authority is perhaps McAlester v. Williams, 77 Okla. 65, 186 P. 461. Mr. Justice Kane there discusses the basis and history of the said statutes quoted above. The essential facts of that case, germane to the instant case, were that the defaulting party had agreed to erect a building of certain specifications, kind and character, on certain

real estate within a specified time, or forfeit $1,000 as liquidated damages. There the rule announced is that:

" 'The question whether the amount stipulated to be paid upon failure of performance is to be treated as liquidated damages or as a penalty, is, in its last analysis, still a question of law for the court, to be determined from the language and subject-matter of the contract, the evident intent of the parties and all the facts and circumstances under which the contract was made'."

It would serve no useful purpose to review the numerous decisions of this court relating to this proposition, for, as hereinabove suggested, each case is determinable by the facts involved. The more recent trend of the decisions, however, is well stated in the case of Larabee Flour Mills Co. v. Carignano, 45 Fed. (2d) 151:

"Furthermore, there is a distinct trend toward a relaxation of the rules as to liquidated damages. Courts have always abhorred penalties, and have looked closely to see that penalties were not masquerading as liquidated damages. And if the stipulation is in fact a penalty—if it bears no fair relation to the damage contemplated —it will not be enforced, no matter what it may be called. And if there is available an accurate and readily ascertainable method of fixing the damages, courts will assess the damages accordingly. In the complexities of modern business, breaches of contract involve more incidental but real damage than when business was less complicated; in later years, business men and associations of business men have been more desirous of contracting as to damage, in order that their liability may be a known rather than an unknown quantity. Responding to these changing conditions in the business world, the courts have been much less reluctant than formerly to enforce provisions for liquidated damage.

"In Sun Printing & Publishing Ass'n v. Moore, 183 U. S. 642, 22 S. Ct. 240, 253, 46 L. Ed. 366, decided in 1902, the Supreme Court made a comprehensive survey of the decisions as to provisions for liquidated damage and held that such provisions were valid, where fairly entered into, where the damages sustained are 'uncertain in amount'. In 1907 the Supreme Court upheld a contract providing for damages of $35 per day for delay in the manufacture of each gun carriage, although the contract designated it as a 'penalty'. The court said: 'The courts at one time seemed to be quite strong in their views and would scarcely admit that there ever was a valid contract providing for liquidated damages. Their tendency was to construe the language as a penalty, so that nothing but the actual damages sustained by the party aggrieved could be recovered. Subsequently, the courts became more tolerant of such provisions, and have now become strongly inclined to allow parties to make their own contracts, and to carry out their intentions, even when it would result in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract, and without proof of the damages actually sustained.' United States v. Bethlehem Steel Co., 205 U. S. 105, 119, 27 S. Ct. 450, 455, 51 L. Ed. 731.

"The Supreme Court again reviewed the question in 1919, in Wise v. United States, 249 U. S. 361, 365, 39 S. Ct. 303, 304, 63 L. Ed. 647, and held:

" 'The subject of the interpretation of provisions for liquidated damages in contracts, as contradistinguished from such as provide for penalties, was elaborately and comprehensively considered by this court in Sun Printing & Publishing Ass'n v. Moore, 183 U. S. 642, 22 S. Ct. 240, 46 L. Ed. 366, applied in United States v. Bethlehem Steel Co., 205 U. S. 105, 27 S. Ct. 450, 51 L. Ed. 731, and the result of the modern decisions was determined to be that in such cases courts will endeavor, by a construction of the agreement which the parties have made, to ascertain what their intention was when they inserted such a stipulation for payment, of a designated sum or upon a designated basis, for a breach of a covenant of their contract, precisely as they seek for the intention of the parties in other respects. When that intention is clearly ascertainable from the writing, effect will be given to the provisions as freely as to any other, where the damages are uncertain in nature or amount or are difficult of ascertainment or where the amount stipulated for is not so extravagant, or disproportionate to the amount of property loss, as to show that compensation was not the object aimed at or as to imply fraud, mistake, circumvention or oppression. There is no sound reason why persons competent and free to contract may not agree upon this subject as fully as upon any other, or why their agreement, when fairly and understandingly entered into with a view to just compensation for the anticipated loss, should not be enforced.

" 'There are, no doubt, decided cases which tend to support the contention advanced by appellant, but these decisions were, for the most part, rendered at a time when courts were disposed to look upon such provisions in contracts with disfavor and to construe them strictly, if not astutely, in order that damages, even though termed liquidated, might be treated as penalties, so that only such loss as could be definitely proved could be recovered. The later rule, however, is to look with candor, if not with favor, upon such provisions in contracts when deliberately entered into between

parties who have equality of opportunity for understanding and insisting upon their rights, as promoting prompt performance of contracts and because adjusting in advance, and amicably, matters the settlement of which through courts would often involve difficulty, uncertainty, delay and expense'."

We quote with approval from a recent work entitled "The Restatement of the Law of Contracts," prepared under the direction of the American Law Institute, the quotation appearing on page 552, volume 1, section 339, as follows:

"Liquidated Damages and Penalties.

"(1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

"(a) The amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and,

"(b) The harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

In this case no ambiguity appears on the face of the contract, and we find no difficulty in ascertaining the intention of the contracting parties. The provision requiring payment of $800 advance rental and fixing this sum as the amount due as damages for breach of the contract was for the benefit and protection of plaintiff, which provision it now seeks to avoid. In determining whether or not said contractual provision is inhibited by the statutory provisions above quoted, we must determine the purpose and intent of the Legislature in enacting said statutes. Obviously it is not the theory of the law to prohibit the proper exercise of the right to contract properly and fairly in relation to business affairs. The theory of the law is to prevent the obtaining of unfair advantages by contracting in advance for excessive damages. The amount of damages for a breach of the contract has been fixed by the contract. It is conceded by defendant that the sum so fixed is fair compensation for the damages sustained by the breach of the contract, and plaintiff is not in a position to assert that the amount so fixed is insufficient compensation for said breach. The purpose and intent of the statutes is not violated by this contractual provision, and we must give effect to the intention of the parties at the time of entering into the contract as such intention is disclosed by the terms thereof.

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in favor of defendant.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.