A. B. Randall and La Salle National Bank, etc., Appellants, v. General Motors Corporation et al., Defendants, Rotor Manufacturing Company, Boulevard Buick Company, and Jack Finkle and David Cohen, Appellees.

Gen. No. 45,968.

Opinion filed May 28, 1953. Rehearing denied June 24, 1953. Released for publication June 24, 1953.

WARREN E. KING, of Chicago, for appellants.

MITCHELL, CONWAY & BANE, of Chicago, for certain appellee; STEPHEN A. MITCHELL, CHARLES A. BANE, and THOMAS J. RUSSELL, all of Chicago, of counsel.

RUBENSTEIN & BECKER, of Chicago, for certain other appellees; HARRY BECKER, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court. This is an action for damages for breach of the covenants in a lease and of a supplementary agreement. The complaint has twelve counts; three against Cohen and Finkle, co-partners, doing business as Six Brothers Piano Company; three against Rotor Manufacturing Company; three against Boulevard Buick Company; and three against the Rotor and Boulevard Companies. Motions to strike were made as to all defendants. The Rotor motion was denied and it answered. The mo-

385

tions were sustained as to Cohen and Finkle and the Boulevard Company, with leave given plaintiff to amend as to the latter. Plaintiffs stood by their pleading and Cohen and Finkle and Boulevard were dismissed. Plaintiffs have appealed from the order of dismissal.

The original complaint was filed by Randall only and named as defendants, General Motors Corp. and the instant defendants. After motions to strike were filed, plaintiffs dismissed General Motors Corp. from the suit and were given leave to file the amended complaint now before us. The motions admitted the well pleaded facts set forth in the following paragraphs.

March 25, 1946 plaintiffs leased the premises at 2309 South Michigan Avenue, Chicago to Cohen and Finkle, doing business as Six Brothers Piano Company. Subsequently they assigned their interest to Six Brothers Piano Co., a corporation. July 29, 1948 that Company subleased the first and second stories of the building to the Boulevard Company. The building adjoining the leased premises on the south is 2315 South Michigan Avenue and is owned by plaintiffs. It is worth $250,000 and is connected to the 2309 building by a heating and sprinkler system. About October 6, 1950 Six Brothers Piano Company filed a petition in bankruptcy and its lease interest was sold, December 4, 1950, to Rotor Co. by the trustee in bankruptcy. December 4, 1950 plaintiff and Rotor Co. made a contract under which Rotor, and Boulevard "by approving the agreement," agreed to vacate the premises on or before March 31, 1951, and plaintiff agreed that those parties would not be liable for damages to the premises occurring prior to December 4, 1950, and if the premises were maintained as they were on the day of agreement "no suits would be brought subsequent to March 31, 1951." The agreement called for Rotor to pay $75 per month for December, 1950, January, February and March, 1951, and in de-

fault of the trustee in bankruptcy paying $75 for September, October and November, 1950, Rotor to make the payments. Rotor and Boulevard agreed to waive claim to or interest in the unused portion of the security given by original lessee.

The counts against Rotor name it as purchaser of the leasehold interest, bound by the covenants in the lease and by the supplemental agreement. The counts against Boulevard name it as undisclosed principal for which Rotor acted in the transaction. The counts against Rotor and Boulevard charge fraud by Rotor in inducing the supplemental contract, control by Boulevard of its "dummy" Rotor, and knowledge of and consent to the fraud by Boulevard.

The allegations in each count of the breaches of, and defaults in performance of, the lease are substantially the same. They charge that defendants failed to furnish heat and hot water to the buildings at 2309 and 2315 South Michigan Avenue; failed to keep 2309 in good repair and in a tenantable condition, free from "decay"; failed to surrender 2309 in good condition, ordinary wear excepted; and failed to comply with local regulations, ordinances and laws.

The allegations of consequential damages are the same in each count: that as a result of the failure to furnish heat and hot water, plaintiffs lost their tenant at 2315; that as a result of the rest of the breaches and defaults, deterioration in both was accelerated in excess of ordinary wear; and that as a result of all breaches and defaults, plaintiffs were unable to rent or sell 2315 and unable to sell 2309.

The motions of defendant to strike the complaint and dismiss the suit were on the ground, among many others, that plaintiffs were precluded from recovery by the provision of the lease under which the lessees deposited security.

387

A rider to the lease provides for, among other things, a deposit of $12,000 by the lessee to be held by the lessor to secure the rent and faithful performance of covenants in the lease; that in the event performance is prompt and faithful, the deposit should be applied as rent for the last 12 months of the term; that in the event of default in any way of the undertaking or covenants, the deposit should immediately become additional rent to the lessor; and in that event the deposit should be the lessor's property as liquidated damages for the default without prejudice to any other of the lessor's rights "except additional monetary damages."

The plaintiff makes the odd contention that this deposit provision calls for a penalty, is therefore void, and does not affect plaintiffs' instant claim.

■ Defendants point out that the provision was inserted in the lease by plaintiffs who have had the advantage of the deposit since the execution of the lease and cannot now argue the contrary to the provision it inserted. Plaintiffs do not meet defendants' argument and we think defendants' position is sound. It is unreasonable for plaintiffs to claim now that their provision for security, whose protection as liquidated damages they have had since 1946, is a penalty so as to avoid the disadvantage of having the courts treat the provision as one for liquidated damages.

Defendants contend that whether the provision is called a penalty or liquidated damages, plaintiffs are precluded from recovery by its terms. It is clear from the allegations in the complaint that the deposit was not applied by the plaintiffs as rent for the last 12 months of the term. The term under the original lease expired May, 1951. This term was shortened to March 31, 1951 by the supplemental agreement made December 4, 1950. The original complaint, however, was filed February 13, 1951, claiming damages for breach of the original lease. The amended complaint filed October

388

25, 1951 claims that the lease was breached beginning December 13, 1950.

Since plaintiffs cannot claim the provision as a penalty, and because it was not applied as rent, the inference is that the deposit was held by plaintiffs as liquidated damages. This being so, the provision excepting "additional monetary damages" operates to limit plaintiffs' right to damages to the amount of the deposit. *Southern Motor Supply Co. v. Shelburne Motor Co.* (S. Ct. Okla.), 172 Okla. 495, 46 P. (2d) 562.

This conclusion is sufficient to dispose of the case before us. We need consider none of the other cogent grounds stated in the motion to dismiss.

The trial court's decision was correct and is hereby affirmed.

*Affirmed.*

LEWE, P. J. and FEINBERG, J., concur.