The opinion of the court was delivered by
Horton, C. J.:
The counsel for plaintiff in error contend that the petition does not state facts sufficient to constitute a cause of action; that the sum mentioned in the contract sued on should be considered as a penalty only, and not as liquidated damages; and finally, that the judgment should have been for *682 defendant below instead of plaintiff, because the special findings show that the St. Louis, Wichita & Western railway company never ran any trains over or operated the railroad upon the lands of plaintiff below, and as the contract was that the fence, crossings and cattle-guards were to be built by the time such trains were run by the company, therefore no judgment could be rendered. Further, as said special findings show that the consideration for the contract was the right of way for the St. Louis, Wichita & Western railway company through the lands of plaintiff below, the connection of plaintiff in error therewith was wholly without consideration.
Before discussing these questions, we ought, we suppose, to dispose of the objections of defendant in error to any consideration of the case. It is’ urged, under the assignments of the petition in error, that nothing is reviewable upon the record. We think otherwise. Plaintiff in error filed a motion for a new trial in the court below, and among other grounds therein alleged were the following: “That the general verdict is contrary to law.” “Because of excessive damages found by the jury, and appearing to have been given under the influence of passion and prejudice.”
These grounds brought before the trial court the question of the sufficiency of the petition, because if such petition states no cause of action, no verdict could be given and no judgment rendered thereon, and also called to the attention of the court the question, whether or not the damages were in excess of the allegations of such petition. But even if the attention of the court below had not been directed to the alléged defects-in the petition, it would be competent for this court to examine such petition, to ascertain whether it stated sufficient facts to constitute a cause of action. Any error apparent in the final judgment of a district court may be corrected by suit in error in this court, although no exception was taken thereto by the party complaining, and no motion made to set aside the-judgment. (Dexter v. Cochran, 17 Kas. 447, and the cases there cited.)
As the case is now before us, the petition is to be lib *683 •erally construed, and as the petition alleges that the St. Louis & San Francisco railway company, under and by the name of the St. Louis, Wichita & Western railway company, constructed the road over the premises of the defend-’ ant in error, we may assume for all the purposes of this case that the St. Louis & San Francisco railway company was the successor of the St. Louis, Wichita & Western railway company. The special findings are not inconsistent with this assumption. They find among other matters, that A. J. Allen had authority to bind the St. Louis & San Francisco railway •company, and that the consideration to such railway company for the contract, was the right of way through the lands •described in such agreement. If the St.’ Louis & San Francisco railway company was the successor of the St. Louis, Wichita & Western railway company, the running of the regular trains of the former road made such company liable under the agreement to build and complete the fences, crossings and cattle-guards mentioned in the agreement, by the time that such regular trains ran on the road through the premises of defendant in error. Therefore the petition states facts sufficient to constitute a cause of action, and defendant in error was entitled to judgment.
The second proposition, that the sum mentioned in the contract sued on should be construed as a penalty only, and not as liquidated damages, presents some difficulty. Upon like •questions, courts have differed greatly. The decisions are numerous, but they are neither uniform nor consistent, and it would be a waste of time to examine them in detail, or to attempt to show that they are harmonious.
In the agreement, the railway company obligated itself to build a lawful fence on each side' of the railway track, and to construct a crossing with cattle-guards on each of the eighty acres through which the railway was to be operated. Upon default in so doing, it agreed to forfeit and pay one thousand dollars. It is said in some of the cases that the doctrine of liquidated damages ought never to apply to a case which admits of partial performance. This perhaps is too *684 strong a statement of the law, but if a contract consists of several stipulations, the breach of each of which is capable of accurate valuation, then the sum mentioned in the contract is-to be construed as a penalty, and not as liquidated damages. The petition alleges that the plaintiff below was damaged in-the sum of five .hundred dollars, and then adds that by reason thereof the agreement became forfeited and absolute. The agreement sued upon admitted of partial performance, and the breach of each stipulation on the part of the railway company was capable of accurate valuation; therefore, in our opinion-the sum named therein must be construed as a penalty, and not as liquidated damages. The judgment as rendered was excessive under the allegations in the petition, the actual damages averred therein being five hundred dollars only. A ^judgment in excess of that sum cannot be sustained.
The case will be remanded, with directions to the court below to enter judgment for five hundred dollars in favor of the defendant in error, if such party consents thereto; otherwise, the judgment of the district court will be reversed, and a new trial ordered.
All the Justices concurring.