THE CITY OF EL RENO v. JOHN R. CULLINANE *et al.*

BOND—*Condition—Penalty—Liquidated Damages.*  Whenever a party binds him-
self in a fixed sum for the performance or non-performance of something,
without stating whether such fixed sum is intended as a penalty or as liqui-
dated damages, and without regard to the magnitude or the number of any
breaches that may occur or the amount of damages that may ensue, and the
contract is such that it may be partially performed and partially violated, such
fixed sum must be considered as a penalty and not as liquidated damages.

*Error from the District Court of Canadian County.*

Action on a bond for damages by the city of El Reno
against John R. Cullinane and his bondsmen for failure
to construct an electric light plant and to maintain the
same as required by the conditions of the said bond.
Judgment for the defendants below. The facts are stated
in the opinion.  Plaintiff brings error.  Judgment of
the lower court affirmed.

*John I. Dille* and *John Schmook, Jr.,* for plaintiff in
error.

*J. H Warren* and *Baxter & Severy,* for defendants in
error.

The opinion of the court was delivered by

SCOTT, J.:  On the 1st day of May, 1893, at the
request of the defendant, John R. Cullinane, the city of
El Reno passed an ordinance granting to said Cullinane
and his associates the right to construct and maintain an
electric light plant in the city of El Reno.  It is pro-
vided in said ordinance that said Cullinane shall within
fifteen days accept the terms of the same and execute a
bond in the sum of one thousand dollars for the faithful
performance of his part of the terms of the ordinance.
It is alleged in the petition that within said time from

the passage of the ordinance said Cullinane accepted the terms of said ordinance and executed said bond. The conditions of said bond are as follows: " Now, therefore, if the said John R. Cullinane, his associates, assigns or executors, shall within ninety days from the passage of said ordinance commence the construction of the electric light plant herein provided for in the said city of El Reno, and shall complete the same within three months from the expiration of the said ninety days, having the same in condition to supply electricity for light, heat and power, as provided in said ordinance, then this bond shall be null and void, otherwise to be and remain in full force and effect."

It is further alleged in the petition and admitted in the answer that said Cullinane and his associates have wholly failed and refused to construct said plant and to maintain the same.

Plaintiff moved for judgment on the pleadings, which was overruled by the court, and subsequently made a motion for a new trial, which was also overruled.

These two rulings are assigned as error and present but one question to this court.

Plaintiff in error makes the issue in this case purely one of damages. The petition in the district court is framed, and the case conducted, on that theory.

We see no essential difference in principle between this case and that of *Kelley v. Seay*, 3 Okla. 527. If any difference, the rule therein laid down would apply with greater force to the present case.

In this case the bond is in the ordinary form of a penal bond or obligation. In such case the presumption is very strong, that the parties intended the sum named in the bond, as a penalty and not as liquidated damages. Because if they intended it as liquidated damages, it is

so easy for them to say so.   And if we insist that they intended it as liquidated damages when they did not say so, we find them guilty of a serious oversight.

It should require very potent circumstances to change that presumption.    The intention of the parties to liquidate the damages must be so obvious, as to force us to the conclusion, that the failure to so state in the bond was clearly an oversight.    (*Nilson v. Town of Jonesboro*, 20 S. W. Rep. 1093; *Kelley v. Seay*, 3 Okla. 527; *Heatwole v. Gorrell*, 35 Kan. 693, and authorities cited.)

The rule laid down in *Heatwole v. Gorrell*, we think applicable to this case; that " whenever a party binds himself in a fixed sum for the performance or non-performance of something, without stating whether such fixed sum is intended as a penalty or as liquidated damages, and without regard to the magnitude or the number of any breaches that may occur, or the amount of damages that may ensue, and the contract is such that it may be partially performed and partially violated, such fixed sum must be considered as a penalty and not as liquidated damages."

The bond in the case at bar has two conditions, one, that the work shall be begun by a certain day—the other, that the work shall be completed by a certain day.    These conditions seem very unequal.    It is difficult to see how more than nominal damages could result from a breach of the former, while a breach of the latter might, under certain circumstances, result in very heavy damages.

In case the former condition alone had been broken, and the other complied with, by a completion of the work in the prescribed time, it would be unconscionable to allow one thousand dollars as liquidated damages; and this is a powerful argument in support of the presump-

tion that the parties did not intend the sum named as liquidated damages.

Indeed, so far as the record shows, no actual damages, whatever, have been suffered by the public, or by the city in its corporate capacity; therefore we see no reason why this question should not be controlled by our statute, §§ 2655, 2656. So, even if the bond had expressly fixed the sum as liquidated damages. But counsel for plaintiff in error advances a rather novel argument in favor of his claim for liquidated damages; that is, that the city of El Reno, being a public corporation and having suffered no damage in its corporate capacity, could recover only such damages as might have accrued to the general public, and that being admitted uncertain, indefinite and incapable of computation, it must therefore be presumed that the sum named in the bond was intended as liquidated damages. With due respect to the learned counsel who advanced it, we think this proposition proves too much. If it is impossible to estimate by any known rule the damages suffered by the public on breach of the conditions of the bond, it would be equally impossible for the same reason to ascertain whether the public had suffered any actual damages at all. In such case we see no ground for indulging the presumption that the parties intended the sum named as liquidate damages, when they failed to say so in the bond. Before such presumption can be indulged in, the right to actual damages to some amount must be unquestioned. Then if those damages are difficult of computation, the presumption may be resorted to.

The judgment of the court below, in this case, is affirmed.

Burford, J. having presided in the court below, not sitting; all the other Justices concurring.