## DEMING INV. CO. v. BAIRD.

No. 1639. Opinion Filed March 19, 1912.

(122 Pac. 676.)

**CONTRACTS—Validity—Damages for Breach.** Where two parties enter into a written contract, wherein the second party is appointed as agent of the first party for the negotiation of a loan, and such contract provides that if the loan is negotiated, and the first party fails or refuses to accept it, he will pay to the second party five per cent. of the amount of the loan as damages for such failure or refusal, held, that such provision is in conflict with section 1126, Comp. Laws 1909, and void.

(Syllabus by Harrison, C.)

*Error from Tulsa County Court;*
*N. J. Gubser, Judge.*

Action by the Deming Investment Company against Melville R. Baird. Judgment for defendant, and plaintiff brings error. Affirmed.

*E. G. Wilson* and *D. B. Crewson,* for plaintiff in error.

*Geo. T. Brown,* for defendant in error.

Opinion by HARRISON, C. This action was begun July 16, 1909. The petition of plaintiff contains, in substance, the following allegations:

(1) That plaintiff is a corporation created under the laws of Kansas, and authorized to do business in Oklahoma.

(2) That in March, 1909, defendant employed plaintiff to negotiate a loan of $10,000 for him; that the contract of employment was in writing, copy of which is attached to, and made a part of, the petition.

(3) That, pursuant to the written contract, plaintiff procured the loan.

(4) That one of the conditions of the contract of employment is as follows:

"For value received, I do hereby promise-and agree to pay such actual expenses as you have incurred in the negotiating of the loan and the examination of the property, and the title, if I do not obtain said loan by reason of defects in my title, or by reason of my being unable to remove all incumbrances from said land; and if you, or any negotiater to whom you apply for me for the above loan, notify me of acceptance of said loan, and I am unable to or refuse to complete the said loan, then I agree to pay *five per cent. on the amount of the loan applied for,* and all the expenses you or the assignee of this contract may have incurred for such refusal or inability to complete said loan."

(5) That, having procured the loan, plaintiff notified defendant of same, and defendant refused to accept same, refused to execute mortgages to secure same, and refused to pay the five per cent. provided for in the contract, as set forth in paragraph 4 of the petition, and in the contract attached to and made a part of the petition.

(6) That plaintiff expended considerable money and time in the negotiation of said loan, and attached to its petition, as an exhibit, an itemized statement of the expenses incurred and time expended, which is as follows:

"Oswego, Kansas, June 4, 1909.

"Statement of Expenses and Time in the M. R. Baird $10,000 Loan.

| | |
|---|---|
| "March 24, 1909. First trp Oswego to Tulsa R. R. fare | $ 2.07 |
| Return | 2.07 |
| March 24. One day's time | 10.00 |
| April 16. Livery hire, Okmulgee to Sapulpa | 5.00 |
| April 16. Expenses, team, feed, and driver's bed | 1.00 |
| April 17. One day's time | 10.00 |
| March 24. Hotel, Tulsa, one day | 2.50 |
| April 17. " " " " | 2.50 |
| April 17. Fare, Sapulpa to Tulsa | .30 |
| "Total | $35.44 |

(7) That plaintiff demanded payment of the five per cent. of the loan of $10,000; that defendant refused to pay same; wherefore plaintiff asks judgment for the sum of $500, the same

being five per cent. of the amount of the loan, and for $35.44 expenses incurred and time expended.

The defendant appeared and moved the court to require plaintiff to separately state and number its several causes of action. This motion was overruled; whereupon defendant moved to strike that portion of the petition relating to the payment of five per cent. of the loan in the event defendant failed or refused to accept same, and upon the hearing of said motion it was sustained and the ruling excepted to by plaintiff. The plaintiff refused to plead further, and, the jury having been waived by both parties, the court rendered judgment against the defendant for $35.44, which was the amount claimed for expenses and time in negotiating the loan. Defendant confessed judgment. Plaintiff excepted to the judgment, presented a motion for new trial, which was overruled, the ruling excepted to, and the case appealed to this court.

The plaintiff in error presents the following assignments:

"(1) The court below erred in calling this cause for trial before the issues therein were joined. (2) The court below erred in striking out portions of plaintiff's petition. (3) The court below erred in striking out portions of the defendant's contract. (4) The court below erred in overruling plaintiff's motion for a new trial. (5) The court below erred in rendering judgment on the confession of the defendant below and over the objection of the plaintiff in error."

As to the first assignment, the issues presented at the time the case was called were those raised by the defendant's motion to strike. These the court was authorized to hear and determine at the time referred to, and, having determined such issues and ruled thereon, then, upon the refusal of plaintiff to plead further, and upon his not asking for a postponement or continuance of the cause, but waiving a jury and submitting the cause to the court, it was not error for the court to render judgment.

The remaining assignments relate to the same question, and are therefore considered as one proposition, viz.: "Was that portion of the contract relating to the payment of the five per cent. of the loan in case defendant failed or refused to accept

the loan," in violation of sections 857 and 858, St. Okla. 1893, which statutes are still in force in Oklahoma, being sections 1126 and 1127, Comp. Laws 1909, and read as follows:

"Sec. 857. Fixing Damages Void.—Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section.

"Sec. 858. Exceptions.—The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damages sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

In the case of *Mansur-Tebbetts Implement Co. v. George R. Willet,* 10 Okla. 383, 61 Pac. 1066, which was an action by plaintiff for $88.40, claimed on account of defendant's refusal to receive, pursuant to certain provisions of a written contract theretofore entered into, a line of buggies which plaintiff had sold to defendant, Justice Burwell, in rendering the opinion of the court, in discussing the section of the contract under which plaintiff sought to recover, says:

"The petition is not framed upon the theory that the plaintiff suffered actual damages; nor were any actual damages proven. The suit is brought upon section 4 of the contract, which the defendant admits he broke, and plaintiff must either win or lose upon the provisions contained therein. This section is as follows: 'The purchaser agrees: Not to countermand this order, or any part of it, or have shipment held beyond present season, except on payment to Mansur-Tebbetts Carriage Mfg. Co., of twenty per cent. of the invoice price of said order, as liquidated damages; and in the event we countermand said order, or prevent shipment as per this contract, we agree to pay said Mansur-Tebbetts Carriage Mfg. Co., said per cent. as liquidated damages. If shipment of this order is directed held beyond time specified in this contract, it may be so held or canceled at the option of said Mansur-Tebbetts Carriage Mfg. Co.' "

After discussing other features of the contract therein sued on, or sought to be enforced, the court says further:

"This contract, in so far as it attempts to fix a given sum, or per centum of the purchase price of the goods, as liquidated damages, is absolutely void, and cannot be enforced."

After quoting the statutes on this question, the court concludes:

"It would not be impracticable nor extremely difficult to fix the actual damages which plaintiff sustained by reason of defendant's refusal to receive the goods; therefore, under the laws of Oklahoma, the parties could not stipulate as to any specific amount as liquidated damages."

This rule was followed in the case of *Haynes v. Brown,* 18 Okla. 389, 89 Pac. 1124; also in *Haier v. McDonald,* 21 Okla. 470, 96 Pac. 654.

There is nothing in the case at bar which takes it from the rule in the cases above cited. There is no actual damage alleged in the petition, except those for which judgment was rendered.

It is contended by counsel for plaintiff in error, that the action was brought on the theory of *quantum meruit.* If this be true, then the petition is defective for failure to allege facts sufficient to justify a judgment on this theory. It simply pleads a failure to accept the loan, sets out the sections of contract which it seeks to enforce, and asks for judgment under the provisions of such section solely, without any allegation as to wherein plaintiff was damaged in any manner, and without alleging any other reason or grounds for recovery than under the bare provisions of the contract; and we think on the face of the petition judgment could not have been properly rendered upon any other theory than that the contract provided for liquidated damages, and that such provision in the contract was in violation of the statutes.

Therefore, in view of the pleadings, we are of the opinion that the judgment of the court below should be affirmed.

By the Court: It is so ordered.