Note.—See under (1) 7 C. J. p. 659 §357; p. 661 §358 ½ (Anno); anno. 13 A. L. R. 324; 31 A. L. R. 756; 3 R. C. L. p. 593 et seq. 1 R. C. L. Supp. p. 860; 4 R. C. L. Supp. 205. 5 R. C. L. Supp. p. 188.  (2) 7 C. J. p. 661 §358 ½ (Anno).  (3) 39 Cyc. pp. 539, 540; anno. L. R. A. 1916C, 77; 26 R. C. L. p. 1357; 5 R. C. L. Supp. p. 1451.

---

## KANSAS FLOUR MILLS CO. v. BALLARD et al.

No. 16735—Opinion Filed June 22, 1926.

Rehearing Denied Dec. 14, 1926.

**1. Sales—Refusal of Buyer to Accept and Pay—Measure of Damages.**

The measure of damages recoverable against a vendee for failure to receive and pay for personal property contracted for, is the difference between the contract price and the reasonable market value of the personal property at the time of the breach.

**2. Same—Liquidated Damages—Invalidity of Contract for Penalty.**

A provision of a contract which undertakes to fix a penalty as liquidated damages for the breach of a contract for failure to receive and pay for personal property as contracted for, is void, if the actual damages which may be suffered by the seller through the breach of the contract are susceptible of proof.

**3. Same—Judgment for Defendants Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by the Kansas Flour Mills Company against C. V. Ballard et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Blanton, Osborn & Curtis and Noftzer & Cox, for plaintiff in error.

C. H. Thomason, for defendants in error.

Opinion by STEPHENSON, C. The Kansas Flour Mills Company entered into a contract in writing with C. V. Ballard et al., wherein the latter bound themselves to purchase from the milling company 420 barrels of flour. One-half of the shipment was to be delivered the 1st of April, and the other on the 1st day of May. The contract provided for a replacement charge, and also for a charge of 50 cents per barrel as cost, either for the sale or resale of the flour, if the contract should be breached by the vendees. The vendees refused to receive the flour, and the milling company sued the vendees for damages. The trial of the cause resulted in the court sustaining the defendants' demurrer to plaintiff's evidence, and an instructed verdict in favor of the defendants. The plaintiff has perfected its appeal here. and assigns the rulings of the court in this respect as error for reversal.

The plaintiff sued on the contract for a replacement charge of $21 on the first order, and 50 cents per barrel for 210 barrels of flour, making a total of $126. The plaintiff sued for a replacement charge of $42 on the second shipment, and a charge of 50 cents per barrel for 210 barrels, making a total of $147. The plaintiff based its claim for these recoveries on the written contract entered into between the parties.

The measure of damages recoverable against a vendee for failure to receive and pay for personal property, as contracted for, is the difference between the contract price and the reasonable market value of the property at the time of the breach. The actual damages suffered by the plaintiff, if any, on account of the breach of the contract, was susceptible of proof. Therefore, an attempt on the part of the plaintiff to fix a given sum as liquidated damages for the breach was contrary to statute.

This question has been definitely settled by prior decisions of this court against the contention of the plaintiff in error. J. I. Case Plow Co. v. Stewart, 70 Okla. 210, 173 Pac. 1048; Deming Inv. Co. v. Baird, 32 Okla. 393, 122 Pac. 696.

A provision of a contract which. undertakes to fix a penalty as liquidated damages

for the breach of a contract, for failure to receive and pay for personal property as contracted for, is void, if the actual damages which may be suffered by the breach are susceptible of proof. Dillon v. Kingleman, 55 Okla. 331, 155 Pac. 563.

It would serve no useful purpose to re-analyze these questions, as they are already settled by the decisions of this court against the contention of the plaintiff in error.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 592; anno. 52 L. R. A. 246; 24 R. C. L. p. 116; 3 R. C. L. Supp. p. 1360; 5 R. C. L. Supp. p. 1271. (2, 3) 17 C. J. p. 956 §253.