## GRAVES v. FITZPATRICK.

No. 17732.   Opinion Filed Oct. 11, 1927.

(Syllabus.)

**1. Damages—Liquidated Damages—Agreed Sum Held "Penalty."**

Where a contract provides for a number of distinct things to be done by one of the parties, and further provides a sum certain to be taken as liquidated damages, if there is only a partial breach, the sum agreed upon as liquidated damages must be held a "penalty", and the plaintiff can only recover his actual damages.

**2. Contracts—Restraint of Trade—Validity of Contract by Seller of Business to Not Compete With Buyer.**

Where plaintiff and defendant entered into a contract for the sale of equipment used in buying and shipping of live stock, and also defendant agreed not to engage in a like business in a specified territory for a period of five years, held, said contract is not in restraint of trade.

Error from District Court, Caddo County; Will Linn, Judge.

Action by E. A. Graves against L. E. Fitzpatrick. Judgment for defendant, and plaintiff brings error. Affirmed.

Morris, Johnson & Wilhite for plaintiff in error.

Pruitt & Wamsley, for defendant in error.

CLARK, J. Plaintiff in error was plaintiff below, and defendant in error was defendant below. Parties will be referred to as

plaintiff and defendant, as they appeared in the trial court.

Plaintiff brought this action against the defendant in the district court of Caddo county upon a contract entered into by and between plaintiff and defendant on or about the 9th day of June, 1924.

Plaintiff's petition alleged that the plaintiff and defendant were engaged in the business of buying and shipping live stock in the town of Hinton, Caddo county, Okla. Plaintiff bought of defendant certain real estate and personal property such as tanks, feed troughs, etc., used by said defendant in buying and selling live stock, and also the good will of his business. At the time the contract was entered into defendant agreed in said contract to sell to plaintiff lots 1, 2, 3, 4, 5, and 6 in block 26 in the town of Hinton; also agreed to sell him tanks and fed troughs; and the contract further provides:

"And in further consideration of the premises and to enable the said second party to acquire, carry on and enter upon, manage, conduct and continue the said business of buying and selling live stock, such as hogs and cattle, etc., in said town, the said business of the said first party, the said first party for himself, his heirs and assigns, does hereby promise, grant, and agree to and with the said party of the second part, his personal representatives, and assigns, that from and after the execution of this agreement, he will not at any time hereafter for the period of five years from said date, or so long as the said buyer, or any person deriving title to the good will of this business from him carries on said business or a like business therein or thereat either along or jointly with or as agent for or employee of, the second party thereto, and either directly or indirectly, set up, exercise, conduct or be engaged in, employed or interested in or carry on in said town of Hinton and its trade territory any occupation or business similar to or of the same nature with the business and privileges hereby sold and assigned by said L. E. Fitzpatrick, to the said party of the second part, not to set up, make, carry or encourage any opposition or competition to the business hereby sold and so hereafter to be carried on by said second party; his representatives, and assigns. nor to do anything to the prejudice thereof.

"And it is expressly understood that the stipulations aforesaid are to apply to and to bind the heirs, executors, and administrators and assigns of the parties hereto; and in case of failure, the parties bind themselves, each unto the other in the sum of $1,000 as liquidated damages and not as a penalty, it being understood and agreed that the damages are not capable of definite determination, the same to be paid by the failing party."

Defendant filed answer to plaintiff's petition, in which he admitted the execution of the contract, but denied the breach thereof, and further answered that said contract was made in restraint of trade and was null and void for that reason, and that plaintiff's petition only charged partial breach of contract and for that reason the sum of $1,000 was a penalty and not liquidated damages.

On the issues thus joined the cause came on for trial. After plaintiff and defendant had made opening statements to the jury, the first witness was called by plaintiff and evidence offered, and the defendant objected to the introduction of any evidence, said objection being as follows:

"And comes the defendant and also demurs to the sufficiency of the opening statement of the counsel to the jury to support any verdict in favor of the plaintiff in that the said opening statement shows that the defendant had only violated a part of the several provisions contained in the contract sued upon and that the said opening statement further shows that both the plaintiff and the defendant had their separate places of business and were engaged in the business of buying, shipping, and selling live stock in the town of Hinton at the time of the execution of the contract sued upon, and that the plaintiff, Graves. bought out the defendant, Fitzpatrick, for the purpose of eliminating a competitor and that such purchase and the provisions contained in the contract affect the public interest and that the same had a tendency to lessen the price of live stock to the farmers and people of Hinton and its trade territory and was therefore in restraint of trade and void, and that the said opening statement shows that $1,000 denominated in the contract as 'liquidated damages' was in truth and in fact a penalty and could not be recovered under the law, and therefore the defendant moves the court for judgment in favor of the defendant upon the opening statement of counsel for the plaintiff."

The court sustained objection of defendant, discharged the jury and dismissed plaintiff's cause of action. Plaintiff brings this cause here for review on two assignments of error:

(1) Said court erred in sustaining an objection to and excluding any and all evidence offered by the plaintiff in error.

(2) Said court erred in dismissing the petition of the plaintiff in error and rendering judgment against him.

Plaintiff in error contends that the court erred in holding the said provision of the contract provides that the $1,000 as liqui-

dated damages was a penalty, and contends that the case at bar is governed by two sections of the statutes of the state:

Section 5072, C. O. S. 1921, provides:

"One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or part thereof, so long as the buyer or any person deriving title to the good will from him carries on a like business therein."

Section 5069, C. O. S. 1921, provides:

"A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

Plaintiff in error cites the case of Wall v. Chapman, 84 Okla. 114, 202 Pac. 303. In this case the court held a contract valid, but the contract involved was not one providing for liquidated damages or a penalty for the breach thereof, and this court held this said contract was for the sale of good will of the business and not in restraint of trade. We are of the opinion that the contract in the instant case is not in restraint of trade, but was a sale of the good will of the business.

Plaintiff also cites the case of McAlester v. Williams, 77 Okla. 65, 186 Pac. 461. The contract involved in this case provided for the performance of one particular thing, that is, the building of a certain building of stone or brick. This was held by the court to be liquidated damages. Also plaintiff cites the case of Lankford et al. v. Oklahoma State Bank, 109 Okla. 82, 234 Pac. 744; also, Garr v. Minnick, 100 Okla. 109, 228 Pac. 481. We find no fault with the authorities cited, but the same do not apply to the instant case.

In the case at bar the contract provides that defendant was to sell plaintiff certain real estate; was to sell plaintiff certain tanks and feed troughs; agreed not to engage in a like business within the trade territory of Hinton; agreed not to encourage any business or competition to plaintiff's business; or to encourage any opposition to plaintiff's business.

We are of the opinion that this contract comes within the rule announced by this court in the City National Bank v. Kelly, 51 Okla. 445, 151 Pac. 1172, the fifth paragraph of the syllabus of which reads as follows:

"Where a contract provides for a number of distinct things to be done, by one of the parties, and further provides a sum certain to be taken as liquidated damages, if there is only a partial breach, the sum agreed upon as liquidated damages must be held a 'penalty,' and the plaintiff can only recover his actual damages."

As the only relief prayed for in plaintiff's amended petition was judgment for $1,000 provided for in contract, the court did not err in sustaining defendant's objection, and the judgment of the trial court dismissing plaintiff's petition is affirmed.

MASON, V. C. J., and HARRISON, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 17 C. J. p.951, §247; 8 R. C. L. p. 577, 578; 5 R. C. L. Supp. p. 477; 6 R C L Supp. p. 517. (2) 13 C. J. p.468, §411; p.475, §418; anno. L. R. A. 1916C, 626; 6 R. C. L. p. 791; 2 R. C. L. Supp. p. 207; 5 R. C. L. Supp. p. 370.