## CONSOLIDATED FLOUR MILLS CO. v. WRIGHT et al.

No. 18065. Opinion Filed April 3, 1928.

Rehearing Denied May 22, 1928.

(Syllabus.)

1. **Sales—Measure of Damages for Buyer's Failure to Accept and Pay.**

The measure of damages recoverable against a vendee, for failure to receive and pay for personal property contracted for, is the difference between the contract price and the reasonable market value of the personal property at the time of the breach.

## 2. Damages—Provision for Liquidated Damages for Buyer's Breach of Contract Void Where Actual Damages Provable.

A provision of a contract, which undertakes to fix a penalty as liquidated damages for the breach of a contract for failure to receive and pay for personal property as contracted for, is void, if the actual damages which may be suffered by the seller through the breach of the contract are susceptible of proof.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by the Consolidated Flour Mills Company against W. B. Wright et al. for breach of contract to receive and pay for flour and feed contracted for by the latter. Judgment for defendants, and plaintiff appeals. Affirmed.

Bowling & Farmer, for plaintiff in error.

Blanton, Osborn & Curtis, for defendants in error.

MASON, V. C. J. The Consolidated Flour Mills Company commenced this action against W. B. Wright and J. A. Stokes, doing business as Wright's Grocery, to recover damages for breach of certain contracts in writing wherein the latter bound themselves to purchase certain amounts of flour and feed.

It is alleged that the plaintiff performed all the conditions on its part under the contract and that the defendants neglected and refused to accept said merchandise and to order the same shipped, under the provisions of said contracts, and that the plaintiff thereby terminated said contracts and commenced this action. Copies of the contracts are attached to said petition.

The petition contained allegations as to the contract price of said merchandise, but contained no allegations as to the reasonable market value thereof at the time of the breach. The contracts also provided for a "carrying charge" and an "entry charge" of certain designated amounts per barrel for each of the various kinds of merchandise, if the contracts should be breached by the vendee, which the plaintiff sought to recover.

The trial court sustained defendants' demurrer to plaintiff's petition for the reason that said contracts were void under the laws of this state, and upon refusal of the plaintiff to plead further, the cause was dismissed. Plaintiff has duly perfected its appeal and for reversal assigns said ruling of the court as error.

The measure of damages recoverable against a vendee for failure to receive and pay for personal property as contracted for, is the difference between the contract price and the reasonable market value of the property at the time of the breach. The actual damage suffered by the plaintiff, if any, on account of the breach of the contract, was susceptible of proof. Therefore, an attempt on the part of the plaintiff to fix a given sum as liquidated damages for the breach was contrary to sections 5068 and 5069, C. O. S. 1921. J. I. Case Plowworks v. Stewart, 70 Okla. 210, 173 Pac 1048; Deming Investment Co. v. Baird, 32 Okla. 393, 122 Pac. 676.

More recently this question was presented and settled, contrary to the contention of the plaintiff in error, in the case of Kansas Flour Mills Co. v. Ballard, 120 Okla. 162, 250 Pac. 1006, wherein the court was considering a contract almost, if not identical to the one involved herein.

The rule is well settled that a provision of a contract, which undertakes to fix a penalty as liquidated damages for the breach of a contract for failure to receive and pay for personal property as contracted for, is void, if the actual damages which may be suffered by the breach are susceptible of proof.

We must conclude that the trial court properly sustained the demurrer to the plaintiff's petition.

The judgment is affirmed.

HARRISON, PHELPS, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 35 Cyc. p. 592; anno. 52 L. R. A. 246; 43 L. R. A. (N. S.) 24; 24 R. C. L. p. 116; 3 R. C. L. Supp. p. 1360; 5 R. C. L. Supp. p. 1271; 6 R. C. L. Supp. 1404. (2) 17 C. J. p. 932, §231.