## HOME BAKERY et al. v. ROBINSON MILLING CO.

No. 23117. Jan. 22, 1935.

Oris L. Barney, for plaintiffs in error.

Morris & Wilhite, for defendant in error.

PER CURIAM. The Robinson Milling Company commenced this action against Home Bakery of Carnegie, Okla., and A. L. Morrison, to recover damages for breach of a certain contract in writing wherein the latter bound themselves to purchase a certain amount of flour.

It is alleged that the plaintiff performed all the conditions on its part under the contract, and that the defendant neglected and refused to accept said merchandise and to order the same shipped under the provisions of said contract, and that the plaintiff thereby terminated said contract and commenced this action. Copy of the contract is attached to said petition.

The petition contained allegations as to the contract price of said merchandise, but contained no allegations as to the reasonable market value thereof at the time of the breach. The contract also provided for a "carrying charge" and an "entry charge" of certain designated amounts per barrel, and also for a charge for the difference between the market value of a bushel of cash wheat at mill on the date of the sale and on the date of termination, multiplied by 4.6 times the number of barrels of flour, if the contracts should be breached by the vendee, which the plaintiff sought to recover.

The plaintiffs in error filed motion to strike the third, fourth, fifth, and sixth paragraphs from the petition of the plaintiff for the reason that those parts of said contract therein set forth were contrary to law and void. The motion to strike was by the court overruled. The plaintiff in error then filed a demurrer to said petition which was by the court overruled.

It was error for the trial court to overrule the motion to strike, and it was also error for the trial court to overrule the demurrer of the plaintiffs in error herein.

Under the holding in the case of Consolidated Flour Mills Co. v. Wright et al., 131 Okla. 22, 267 P. 464, the court in passing on the same cause in this case said:

"The trial court sustained defendant's demurrer to plaintiff's petition for the reason that said contracts were void under the laws of this state, and upon refusal of the plaintiff to plead further, the cause was dismissed. Plaintiff has duly perfected its appeal and for reversal assigns said ruling of the court as error.

"The measure of damages recoverable against a vendee for failure to receive and pay for personal property as contracted for, is the difference between the contract price and the reasonable market value of the property at the time of the breach. The actual damage suffered by the plaintiff, if any, on account of the breach of the contract, was susceptible of proof. Therefore, an attempt on the part of the plaintiff to fix a given sum as liquidated damages for the breach was contrary to sections 5068 and 5069, C. O. S. 1921. J. I. Case Plow Works v. Stewart, 70 Okla. 210, 173 P. 1048; Deming Investment Co. v. Baird, 32 Okla. 393, 122 P. 676.

"More recently this question was presented and settled, contrary to the contention of the plaintiff in error, in the case of Kansas Flour Mills Co. v. Ballard, 120 Okla. 162, 250 P. 1006, wherein the court was considering a contract almost, if not identical, to the one involved herein.

"The rule is well settled that a provision of a contract which undertakes to fix a penalty as liquidated damages for the breach of a contract for failure to receive and pay for personal property as contracted for, is void, if the actual damages which may be suffered by the breach are susceptible of proof."

Under the rule laid down in the Kansas Flour Mills Co. v. Ballard, supra, and also the Consolidated Flour Mills Co. v. Wright et al., supra, from which we have quoted at length, we must conclude, in view of the fact that the defendant in error did not plead any actual damages and relied solely upon the provisions of the contract providing for liquidated damages for its recovery of damages from the plaintiffs in error which provisions were void under the laws of this state, that the trial court erred in overruling the demurrer of the plaintiffs in error herein, and we therefore must conclude that the trial court committed reversible error in overruling the motion to strike and in overruling the demurrer of the plaintiffs in error herein, and this case is remanded to the trial court for further proceedings in accordance with this opinion.

The judgment is reversed.

The Supreme Court acknowledges the aid of Attorneys J. E. Falkenberg, A. W. Billings, and J. Wilford Hill in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Falkenberg and approved by Mr. Billings and Mr. Hill, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.