## MATTES et al. v. BAIRD.

No. 23302.   Nov. 5, 1935.

Rehearing Denied March 10, 1936.

Frank Nesbitt, for plaintiffs in error.

M. W. Hinch and E. C. Fitzgerald, for defendant in error.

BUSBY, J.   This action was commenced in the district court of Ottawa county on April 30, 1928, by William T. Baird, as plaintiff, against E. A. Mattes and S. J. Chambers, as defendants, to recover the sum of $1,000 as asserted liquidated damages for alleged breach of contract.   In the trial court the defendants urged, among other things, that the contractual provision for the payment of $1,000 in the event of failure on the part of the defendant Mattes to perform certain contractual obligations constituted a penalty as distinguished from liquidated damages, and was therefore void.   It was also urged that there had been no breach of contract.

The decision of the trial court was for the plaintiff, and the defendants appeal, appearing herein as plaintiffs in error.   The parties

will be referred to in this opinion in order of their appearance in the district court.

All of the parties to this litigation recognize the invalidity of a contractual provision requiring the payment of a penalty in the event of breach of contract, and conversely they admit the validity of a stipulation for liquidated damages between contracting parties in proper cases. This lawsuit arises in part out of their inability to agree upon the proper classification of a provision for the payment of $1,000 contained in a supplemental contract executed on the 5th day of December, 1927, which reads as follows:

"This agreement made and entered into this 5th day of December, 1927, by and between E. A. Mattes as party of the first part and William T. Baird as party of the second part,

"Witnesseth that for and in consideration of the sum of one dollar and the covenants hereinafter contained it is agreed that the party of the first part shall deposit in care of S. J. Chambers of Quapaw, Oklahoma, the sum of $1,000 his receipt of which is hereby acknowledged to be held by him subject to the following conditions:

"(1) If the party of the first part his heirs, assigns or associates shall diligently complete the construction of a modern mill or concentrating plant of at least 150 tons capacity in good faith on the southwest quarter of the southeast quarter of section 18, township 29, north, range 24 east, in Ottawa county, Oklahoma, and shall upon such completion begin actual mining operations and the production of ore from said ground the $1,000 above referred to shall upon the completion of said mill and the commencement of the production of ore from said ground, including the placing of ore in the bins on said premises, be returned to the said E. A. Mattes; but if said mill is not completed in good faith by the said E. A. Mattes his heirs, or assigns or associates and the production of ore is not begun from said premises then the said S. J. Chambers shall pay said sum of $1,000 to the above named William T. Baird. * * *"

The contracting parties did not, by the terms of the foregoing instrument, specify whether the $1,000 therein mentioned constituted a penalty or liquidated damages. Had such designation been incorporated in the contract, controlling importance could not have been attached thereto, although it would have claimed some degree of consideration. 8 R. C. L. pp. 562 and 563, pars. 112-113.

Similarly, the absence of such a designation does not classify the sum agreed to be paid, although its tendency is to create a presumption that a penalty has been agreed upon. City of El Reno v. Cullinane et al., 4 Okla. 457, 46 P. 510.

The question of whether the amount stipulated to be paid upon failure of performance is a penalty or liquidated damages must be determined from the "language and subject-matter of the contract, the evident intent of the parties, and all of the facts and circumstances under which the contract was made." McAlester v. Williams, 77 Okla. 65, par. 3 of the syllabus, 186 P. 461. The foregoing is a judicial determination of the scope of our inquiry rather than a declaration of the legal principles by which our judgment must be guided.

We next proceed to an examination of the subject-matter of the contract, the intent of the parties, and the facts and circumstances under which the contract was made, postponing, for the present, consideration of the legal tests applicable to this case.

On February 20, 1917, one Lisle Miller and his wife, Lillie Miller, being the owners of an 80-acre tract of land situated in Ottawa county, Okla., leased the same to one E. C. Harlan for mining purposes for a period of 20 years. E. C. Harlan then subleased 40 acres of the tract to one O. H. Gentry and the plaintiff, William T. Baird. William T. Baird later acquired by purchase the entire sublease above mentioned. Later the principal lease was sold by E. C. Harlan and others through mesne conveyances to the Blue Streak Mining Company, which thereby became, in effect, the lessor of Baird in connection with the sublease. The sublease by its terms expires on the 19th day of February, 1937. It provides, among other things, in substance, that the sublessees would erect and build one or more modern mills, or other crushing, cleaning, and reduction works as should be necessary, and that mining operations would be continuously conducted on the premises covered by the lease.

The plaintiff, Baird, sold a portion of his interest to the defendant Mattes, who went into possession of the premises. Difficulty arose over the alleged failure of the sublessees to comply with the terms of the sublease and an action involving forfeiture of the same was filed in the district court of Ottawa county (case No. 7355 in that court). The litigation was settled by stipulation bearing date of November 13, 1925, whereby Baird and Mattes, as sublessees, renewed their promises to perform the covenants of

their sublease and expressly agreed to begin in good faith the construction of concentrating mill of at least 150 tons capacity within one year from the date of the stipulation, and to carry on the construction continuously thereafter until completion, and thereafter to continue mining operations under the sublease. Thereafter, on July 15, 1926, Mattes and Baird entered into an agreement between themselves whereby Baird agreed to sell his interest to Mattes for $13,000 payable $2 per dry ton of ore mined by Mattes. Mattes was to have possession of the premises. He in effect assumed the burden of carrying out the provisions of the sublease and specifically agreed with Baird to build the concentration plant previously referred to. Subsequently another district court suit was filed; this time, the litigation was between Baird and Mattes and arose out of the alleged failure of Mattes to carry out the terms of the contract between Baird and Mattes. This lawsuit was numbered 8808 in the district court of Ottawa county. It was settled in 1927, and the plaintiff and defendant entered into the supplemental contract of December 5, 1927. It is to be noticed in this connection that the previous contract between Baird and Mattes contained no provision for penalty or liquidated damages, and that by the terms of the supplemental contract the defendant agreed that in the event he did not perform the specified things he was already bound to do by previous contract he would pay the sum of $1,000. No question of consideration arises in connection with this supplemental agreement, since, if the same is valid as a provision for liquidated damages, it is apparent that both parties are relinquishing the right to have their damages ascertained in the regular and usual manner provided by law, and the mutual relinquishment of such rights by each constitutes a detriment sufficient in law to support the contract.

At the time the supplemental contract was executed on December 5, 1927, the construction of the concentration plant had been commenced by Mattes, but not completed. This suit, being district court No. 9479 at bar, was then commenced on April 30, 1928, on the theory that the contract of July 15, 1926, between Baird and Mattes had been breached by Mattes and that by virtue of the supplemental contract between the plaintiff, Baird, and the defendant Mattes the $1,000 therein mentioned was due plaintiff as liquidated damages. S. J. Chambers was made a party defendant in his capacity as stakeholder.

In the meantime the Blue Streak Mining Company, as lessor under the sublease, complained of alleged violations of the terms of the sublease and asserting, among other things, noncompliance with the covenant to diligently complete the concentration plant, filed a district court action to declare a forfeiture of the sublease, being case No. 9269 in the district court of Ottawa county, against the Baird plaintiff herein. This suit was still pending at the time the case at bar was tried, being held in abeyance under some kind of a compromise agreement.

It appears that during the period of time during which the foregoing events were happening, Mattes was conducting some mining on the property and had paid to Baird the sum of $2,043 on the $13,000 purchase price of the sublease.

The foregoing statement of facts is not complete in detail, but is sufficiently comprehensive as to material facts to present a fair picture of the situation revealed by the record.

The arguments of the defendants in presenting the case to this court on appeal are grouped under three propositions, the first of which is:

"The court erroneously decided the $1,000 mentioned in the contract of December 5, 1927, should be decreed plaintiff as liquidated damages for a breach thereof, without proof of actual damages, on the theory that actual damages would be extremely difficult to ascertain, when said clause of said contract is clearly a penal provision, is void, and plaintiff should have been required to prove actual damages to warrant a recovery."

Section 9489, O. S. 1931, provides:

"Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section."

And section 9490, O. S. 1931, reads:

"A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

Under the foregoing statutory provisions, stipulations for a sum certain upon failure of performance may be properly upheld only when the actual damages would be impracticable or extremely difficult to ascertain.

We do not understand from the briefs that the defendants are contending the damages which would. flow from a breach of the contractual provisions involved in this case are easily ascertainable. They do not so assert. Neither do they call our attention to rules of law by which such damages could be readily determined. It may therefore be taken as conceded that the damages which would flow from a breach are impracticable or extremely difficult to ascertain, and that the contractual provisions are such as to be the proper basis for an agreement on liquidated damages under section 9490, supra. The defendants invoke the rule advanced by this court in City Nat. Bank v. Kelly et al., 51 Okla. 445, 151 P. 1172, wherein we said in the fifth paragraph of the syllabus:

"Where a contract provides for a number of distinct things to be done by one of the parties, and further provides a sum certain to be taken as liquidated damages, if there is only a partial breach, the sum agreed upon as liquidated damages must be held a 'penalty,' and the plaintiff can only recover his actual damages."

See, also, Graves v. Fitzpatrick, 127 Okla. 124, 260 P. 10, and City of El Reno v. Cullinane, supra. They also call our attention to Pomeroy on Equity (4th Ed.) par. 444, wherein the same rule is more completely stated in the following language:

"Whether an agreement provides for the performance or nonperformance of one single act, or of several distinct and separate acts, if the stipulation to pay a certain sum of money upon a default is so framed, is of such a nature and effect that it necessarily renders the defaulting party liable in the same amount at all events, both when his failure to perform is complete, and when it is only partial, the sum must be regarded as a penalty, and not as liquidated damages."

It is urged that an application of the foregoing recognized legal principles to the supplemental contract in the case at bar, the $1,000 payment therein provided for should be declared a penalty for the reason that it is by the terms of the agreement payable upon the happening of any one of three contingencies, namely, (1) the failure to complete the construction of the concentration plant; (2) failure to begin mining operations, or (3) failure to place ore in the bins.

The asserted division of the contract into several separate provisions is more apparent than real. The three things referred to are in reality successive steps leading up to the partial performance of the contract by commencing intensive mining operations on the property in question, which is the ultimate object to be accomplished. (It is worthy of note at this point that the concentration plant when completed is to be the property of the defendant Mattes.)

Referring to the rules relied upon by the defendants and other rules used by courts in determining whether contractual provisions constitute penalties or liquidated damages, it is said in Pomeroy (4th Ed.) par. 445:

"The foregoing rules may be considered as settled by the strong preponderance of judicial authority, and they serve to explain large and important classes of cases. There are undoubtedly numerous instances which cannot be easily referred to either of these rules; and this must be so almost as a matter of necessity. Since agreements are of infinite variety in their objects and in their provisions, and since the question of penalty or liquidated damages is always one of intention, depending upon the terms and circumstances of each particular contract, there must be many agreements which cannot be brought within the scope of any specific rule, and with which a court can only deal by applying the most general canon of interpretation."

And in 8 R. C. L., page 572, it is said with reference to the rule relied upon by the defendants:

"The rule above stated has, however, its exceptions and modifications, and it has been held not to apply where the contract has but one primary purpose, regardless of its form, or where the contract does not discriminate between the several covenants in specifying the damages, and all of them are of an uncertain nature in respect to the amount of injury a breach will cause."

Referring to a similar contention in a case wherein the same rule was invoked, the Supreme Court of Washington, in upholding a provision for the payment of a stipulated sum as liquidated damages, said:

"The contract, by the form in which it is written, it will be observed, lends color to these contentions, but a more careful analysis will show that it has but one primary purpose, namely, to provide for an exchange of properties. The several conditions to be performed by the parties are but steps leading up to that primary purpose, and it is clear that the stipulated sum was intended to fix the amount of damages to be paid by the party in default in case the contract as a whole was not carried out." (Madler et ux. v. Silverstone et ux. [Wash.] 104 P. 165.)

As against the objection presented by the defendants, the stipulation under considera-

286

tion is upheld as one for liquidated damages.

In the first proposition of the defendants, as stated, reference is made to the asserted want of proof of actual damages. This assertion will be considered in connection with the next proposition, which is:

"The court erred in awarding plaintiff any damages when the record affirmatively shows that he has suffered no injury."

Of course, if the contractual provisions were a penalty, the same would be invalid and recovery would be based upon the actual damages suffered.

Since the agreement has been found to be one for liquidated damages, the argument in support of this proposition must be considered as based upon the major premise that proof of actual damage is essential to the recovery of liquidated damages under a contractual provision. The defendants refer to no authority to establish the necessity of such proof except the case of Kelley v. Seay, 3 Okla. 527, 41 P. 615, and other general authorities on damages which apply in the absence of a valid stipulation for liquidated damages, which are obviously not in point. The question is also lightly treated in the brief of the plaintiff, who contents himself with the assertion that such proof is unnecessary. The question is entitled to more consideration than has been accorded in the briefs of the parties, as will be apparent from an examination of the copious annotation on the subject contained in 34 A. L. R. 1336.

This court indulges a presumption in favor of the correctness of the decision of the trial court and will not reverse a case upon an assignment of error unsupported by authority, if such authority is available, unless the error is apparent without further research. Drum Standish Comm. Co. v. First National Bank & Trust Co., 168 Okla. 400, 31 P. (2d) 843. We therefore decline to pass upon the necessity of proof of actual damages in order to recover on a valid stipulation for liquidated damages or upon the propriety of recovery of stipulated liquidated damages under a valid contractual provision for the same in cases where no actual damages have been suffered.

It is next urged that:

"The evidence in the case completely fails to show that defendants breached the contracts of July 15, 1926, and December 5, 1927."

The concentration plant was incomplete when this action was commenced in April of 1928. The agreement by Mattes to construct it was made in 1926. The agreement for liquidated damages for failure to complete was made in December of 1927. The trial court found the construction work had not been carried forward with proper diligence and the contract had been breached. Upon consideration of the record, we are unable to say that the finding of the trial court is not supported by competent evidence, which would be essential in order to disturb the judgment on this ground. Fulford v. Fulford, 147 Okla. 47, 294 P. 183; Baldwin & Baker v. Saunders-Gibscn Co., Inc., 148 Okla. 290, 298 P. 600. The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.