### SONKEN-GALAMBRA CORPORATION v. ABELS.

No. 28527. Oct. 3, 1939.

Rehearing Denied Nov. 7, 1939.

Monnet & Savage and Earl Sneed, Jr., of Tulsa, for plaintiff in error.

Dolman, Dyer & Dolman, of Ardmore, for defendant in error.

DANNER, J. This is an action in replevin instituted by the plaintiff in error against Harry Abels, the defendant in error, to recover possession of personal property of the value of $1,000. The cause was tried to the court, which rendered judgment in favor of the defendant on his answer and cross-petition. The facts, as stipulated, are as follows:

"1. That the Sonken-Galambra Corporation purchased certain personal property from the Pure Oil Company on the 27th day of January, 1936, in accordance with the

terms of a certain contract, agreement and bill of sale, a copy of which is hereto attached, marked exhibit 'A' and made a part hereof.

"2. That at the time of the sale of the property referred to in paragraph '1', the said property was the property of the Pure Oil Company who also owned certain real estate upon which said property was situated.

"3. That the plaintiff did not remove nor make any effort to remove the re-action chambers involved in this action on or before January 27, 1937.

"4. That said re-action chambers were, at the time they were taken under the writ of replevin of this action of the reasonable value of $1,000.

"5. That the defendant, Harry Abels, purchased the real property upon which said property was located from the Pure Oil Company and as a part of said transaction he also purchased and acquired all rights of reversion or otherwise that the Pure Oil Company had in the personal property involved in this action by reason of the contract set out in paragraph '1' hereof, and it is agreed that whatever rights the Pure Oil Company had or might have had under and by virtue of the terms of the contract, Exhibit 'A' hereto, was transferred and is now vested in the defendant, Harry Abels.

"6. That a copy of the contract between the defendant and the Pure Oil Company is attached to the defendant's cross-petition herein.

"7. That the first effort ever made by the plaintiffs to remove the property herein involved was on the 24th day of February, 1937, when the plaintiff wrote to the defendant a certain letter, a copy of which is hereto attached, marked Exhibit 'B' and made a part hereof.

"8. That in accordance to said letter the defendant replied by letter of February 26, 1937, a copy of which is attached hereto, marked Exhibit 'C' and made a part hereof.

"9. That on December 5, 1936, the Pure Oil Company duly notified the plaintiff of its assignment to the defendant of all of its rights by letter, a copy of which is hereto attached, marked Exhibit 'D' and made a part hereof.

"10. That the defendant knew at the time he purchased said land of the Pure Oil Company's right to the re-action chambers, of all of the terms of plaintiff's contract of purchase and had been furnished a copy thereof.

"11. That the plaintiff at no time prior to February 24, 1937, had any correspondence or communication of any kind pertaining to said re-action chambers with the defendant or the Pure Oil Company nor in any way notified the defendant or the Pure Oil Company that they intended to remove said property at any time.

"12. That the plaintiff never returned the property herein involved for taxation nor has it ever caused the same to be assessed for taxes or paid any taxes thereon.

"13. That a few days before this action was filed plaintiff's attorneys called defendant on long distance telephone from Tulsa to Healdton, Okla., and notified the defendant that the plaintiff would remove said re-action towers at once if the defendant would permit it so to do and asked defendant what charges he would make for the use of said land since January 27, 1937, by the occupancy of said towers thereon up to and including said date and for the right to go upon the same and remove said towers and for any damages that might be caused by their removal; whereupon the defendant refused permission to the plaintiff to remove said property and asserted and claimed the same to be his property. That the plaintiff offered to pay defendant at that time all reasonable charges for the use of the land, the right to go on and remove said towers and damages caused by the removal thereof, and that said defendant refused the same asserting his ownership of said property."

Exhibit "B," referred to in the stipulation, is a letter written by the plaintiff to the defendant under date of February 24, 1937, concerning the property involved. The portion material here is as follows:

"Mr. R. E. Young of the Pure Oil Company, notified us on December 5th that they sold you the ground of the old Ardmore Refinery.

"As we have three large vats still on the property that we are unable to move up to the present time, we would appreciate kindly if you would allow us to pay you rental on this material for a period of six months, if same will not inconvenience you, however, if same will inconvenience you in any way, kindly advise and we will have same removed at once, We would greatly appreciate having you give us this extension of time."

In his reply to this letter dated February 26, 1937, the defendant claimed ownership of the property under the reversion clause in the sale contract entered into between the Pure Oil Company and the plaintiff on the 27th day of January, 1936. This clause, which is the basis of the present dispute, reads as follows:

"In further consideration hereof, it is agreed as follows: The second party will be allowed one year from date hereof to remove said property from first party's premises. If, at the expiration of this date,

any portion of the above mentioned property remains. it reverts back to first party."

The plaintiff seeks reversal of the judgment upon the theory that the challenged clause in the contract is void under the provisions of the following statutes:

Section 9488, O. S. 1931, 15 Okla. St. Ann § 213:

"Penalties imposed by contract for any nonperformance thereof are void. But this section does not render void such bonds or obligations, penal in form as have heretofore been commonly used; it merely rejects and avoids the penal clauses."

Section 9489, O. S. 1931, 15 Okla. St. Ann. § 214:

"Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section."

Section 9490, O. S. 1931, 15 Okla. St. Ann. § 215:

"A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damages sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

In the present case the plaintiff paid to the Pure Oil Company the consideration for the sale of the property; therefore, there was a delivery of the property to the plaintiff.

Also, all the property sold had been removed from the premises by the plaintiff within the time specified in the contract except the three Voght re-action chambers involved in this lawsuit. It appears, therefore, that there was only a partial breach of the contract. In this situation we are constrained to hold that the reversion clause in the contract amounts to a "penalty," entitling the defendant to recover only his actual damages. Home Bakery of Carnegie v. Robinson Milling Co., 170 Okla. 349, 40 P.2d 637; 17 C. J. 907; 15 Am. Jur. 676. Liquidated damages are not mentioned in the sale contract, neither did the defendant ask for actual damages in his cross-petition. He asked for, and the judgment awards to him, title to the property. In this we think the court erred. Claude Neon Federal Co. v. Larkins et al., 177 Okla. 291, 58 P.2d 882; 12 Am. Jur. 1020, § 440, Note L. R. A. (N. S.) 4; Graves v. Fitzpatrick, 127 Okla. 124, 260 P. 10; City National Bank v.

Kelly et al., 51 Okla. 445, 151 P. 1172; El Reno v. Cullinane et al., 4 Okla. 457, 46 P. 510; St. Louis & S. F. Ry. Co. v. Shoemaker, 27 Kan. 677; Western Macaroni Mfg. Co. v. Fiore (Utah) 151 P. 985.

Inasmuch as we conclude that under the record the challenged clause amounts to a penalty, and no damages for nonfulfilment are claimed or proved, no liquidated damages may logically be considered. H. Allen Rispin v. Midnight Oil Co., 291 Fed. 481, 34 A. L. R. 1331.

The judgment is reversed and remanded, with instructions to render judgment for the plaintiff.

BAYLESS, C. J., WELCH, V. C. J., and CORN and HURST, JJ., concur.