CERTAIN CONTRACTS PROVIDING FOR PENALTY ILLEGAL FOR STATE TO ENTER INTO It is not permissible for the State to enter into agreements that provide for a "penalty" upon termination by the State of Oklahoma, when such penalty is in violation of the Statutes of the State of Oklahoma. The Attorney General has considered your request for an opinion concerning the applicability of amendments to the standard lease agreement that the State Board of Public Affairs has with IBM. Concerning the conversation that you and I had, it is my understanding that you wanted our attention directed to the following language in Amendment to Agreement for IBM Machine Service—Fixed Term Plan: "The Customer may terminate a Contract Period effective any date by providing IBM with written notice at least one month in advance and payment of the applicable termination charge set forth in the Fixed Term Plan Supplement." The language you directed our attention to in the Fixed Term Plan Supplement is as follows: "The Customer may terminate a Contract Period effective any date by providing IBM with written notice one month in advance and payment of a termination charge as follows: During the first twelve months of the twenty-four month contract period, five times the Fixed Term Plan monthly charge. Thereafter or during a twelve to twenty-three month contract period, 2.5 times the Fixed Term Plan monthly charge, or the Fixed Term Plan monthly charges for the remainder of the contract period, whichever is less. If there have been model or feature changes, the termination charge will be based on the highest Fixed Term Plan monthly charge in effect during the three months prior to the effective date of termination." In your letter you, in effect, have asked the question of whether or not it is permissible for the State of Oklahoma to enter into the Amendment to the Standard Agreement. The language in the Amendments to the Agreement with IBM contains a provision for the payment of charges in the event of termination of the contract by the State of Oklahoma. In effect, these provisions provide for the payment of a penalty charge in the event of termination of the contract by the State of Oklahoma prior to the end of the time period as set forth in the contract. Title 15 O.S. 213 [15-213] (1961), states, in part: "Penalties imposed by contracts for any nonperformance thereof, are void. . ." Title 15 O.S. 214 [15-214] (1961), states: "Every contract, by which the amount of damages be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section." Title 15 O.S. 215 [15-215] (1961), states: "A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix an actual damage." Taken together, these three statutes hold that any provision in a contract for a penalty is void. There can be a provision in a contract providing for liquidated damages where it would be impracticable or extremely difficult to fix the actual damage. The Oklahoma cases have held this point of view. In Sierzek, et al. v. Smith, et al., 86 Okl. 79, 206 P. 611 (1922) the Oklahoma Court held in Syllabus Two: "The effect of Section 974, (now Section 213) is to reject and avoid the penal clauses in contracts, leaving the obligee to a collection of the actual damages sustained." In the case of Freeland v. Dolan, 84 Okl. 286, 203 P. 182 (1922), the Oklahoma Court held in Syllabus Three: "Contracts providing for penalties and forfeitures are not favored in law." In Sonken-Galambra Corporation v. Ables, 185 Okl. 645,95 P.2d 601 (1939) the Oklahoma Court held in Syllabus One: "Where it is doubtful whether a provision should be deemed for a penalty or for liquidated damages, the court is inclined to regard it as for a penalty, for by so doing the recovery can be apportioned to the actual damages for the loss actually sustained." In Syllabus Three, the Court held: "Generally, forfeitures are regarded with disfavor and an interpretation which does involve a forfeiture is not favored." In City of El Reno v. Cullinane, 4 Okl. 457,46 P. 510 (1896), the Court held: "Whenever a party binds itself in a fixed term for the performance or non-performance of something, without stating whether such fixed time is intended as a penalty or as liquidated damages, and without regard to the magnitude or the number of any breaches that may occur, or the amount of damages that may ensue, and the contract is such that it may be partially performed and partially violated, such fixed sum must be considered as a penalty, and not as liquidated damages." In Gray v. Fitzpatrick, 127 Okl. 124, 260 P. 10
(1927), the Oklahoma Court held in Syllabus One: "Where a contract provides for a number of distinct things to be done by one of the parties, and further provides the sum certain to be taken as liquidated damages, if there is only a partial breach, the sum agreed upon as liquidated damages must be held a `penalty' and plaintiff can only recover his actual damages." In Consolidated Flour Mills Co. v. Wright, 131 Okl. 22, 267 P. 464 (1928) the Oklahoma Court held in Syllabus Two: "A provision of a contract, which undertakes to fix a penalty of liquidated damages for the breach of a contract for failure to receive and pay for personal property as contracted for, is void, if the actual damages which may be suffered by the seller through the breach of the contract are susceptible of proof" In the case of Freeman v. Warrior, 409 F.2d 1101
(1969) the Court held in headnote 2: "Defaulting purchaser of realty was entitled to recover downpayment, which vendor sought to retain as liquidated damages, where at time of denial of vendor's request for specific performance the court found that statute governing retention of liquidated damages did not apply because ascertainment of actual damages was neither impracticable nor extremely difficult. 15 O.S. 215 [15-215]." In J. I. Case Plow Works v. Stewart, 70 Okl. 210, 173 P. 1048 (1918), the Oklahoma Court held in headnote 2: "A stipulation in a contract of sale of agricultural implements for the payment by the purchaser of a sum equal to twenty percent of the net aggregate amount of the sale, `as agreed and liquidated damages' where breach of the contract is inhibited by Sections 974 and 976 (now Sections 213 and 215) and is void, unless it would be `impracticable or extremely difficult to fix the actual damage' arising from the breach of such contract." It is, therefore, the opinion of the Attorney General that your inquiry be answered in the negative in that it is not permissible for the State to enter into such agreements as mentioned above for the reason that such agreement provides for a "penalty" upon termination by the State of Oklahoma, which penalty is in violation of the Statutes of the State of Oklahoma. (Todd Markum)