## FULFORD v. FULFORD.

No. 19396. Opinion Filed Dec. 23, 1930.

A. L. Becket, for plaintiff in error.

Hepburn & Hepburn, for defendant in error.

HERR, C. This is an action originally brought in the superior court of Okmulgee county by Atlanta Fulford against R. R. Fulford, to recover the sum of $2,535. An attachment was issued in the action and levied on certain household furniture claimed by

plaintiff to be the property of defendant. Plaintiff and defendant were formerly husband and wife. They separated on September 22, 1924, and were subsequently divorced. At the time of the separation, a written property settlement was entered into between the parties, wherein, among other things, it was agreed that defendant should pay plaintiff $50 per week for the use and support of herself and their minor child. This agreement was approved by the court. Defendant defaulted in these payments, hence this suit. Subsequent to the divorce from his former wife, defendant again married. His wife, Myrtle H. Fulford, intervened in the attachment· action claiming the property attached as her individual separate property. Defendant made no defense to the main action. Trial was to the court, resulting in judgment against defendant for the amount claimed, and also a judgment against intervener denying her claim to the property. Intervener appeals.

It is contended by appellant that there was no competent evidence to support the judgment of the trial court. Her claim of title is based in part on a gift from her husband and in part on the theory that part payment of the same was made with her separate funds. The evidence fails to establish that any portion of intervener's funds was used in paying for the furniture. The evidence establishes that the same was purchased in New York in July, 1926; that both defendant and intervener were in New York at that time; that intervener selected the furniture which was to be paid for by defendant; that defendant was, at that time, manager of the Ramsey-Fulford Company of Okmulgee, Okla.; that the furniture was delivered to said company and charged to it; that later defendant retired from the firm, and his brother, Harry Fulford, succeeded him as manager of said company, and, as such manager, paid for the furniture and took a mortgage thereon from defendant. Neither Harry Fulford nor the company, however, seeks to enforce this mortgage. Both defendant and intervener testified that, after the purchase of the furniture, defendant borrowed $500 from intervener, and intervener testified that she understood the money was to apply as part payment on the furniture. None of this loan, however, was paid thereon. The evidence wholly fails to establish that any part of intervener's money was applied on the payment of this furniture. It merely establishes the relation of debtor and creditor between defendant and intervener, but this does not give her title to, nor a lien

upon, the furniture. Intervener must, therefore, fail on this theory of her case.

We are also of the opinion that the evidence is sufficient to sustain the finding of the trial court that there was no completed gift of the property between defendant and intervener. Delivery is necessary to constitute a completed gift. While both parties testified that there was an agreement to give the furniture to intervener, and this agreement is fairly established by the evidence, still, this is not sufficient to establish a gift. The trial court found against her on the question of delivery, and, in our opinion, the evidence is sufficient to support this finding.

The furniture, as before stated, was shipped to Ramsey-Fulford Company in Okmulgee, which shipment, as nearly as we can ascertain from the record, was made in August, 1926, and, under the evidence of defendant and intervener, was shipped to intervener, care of Ramsey-Fulford Company. The bill of lading or shipping receipt was not introduced in evidence. The invoices introduced in evidence, however, show that the furniture was billed to R. R. Fulford, and charged to Ramsey-Fulford Company. Shortly after purchasing the furniture, defendant left Okmulgee and went to Amarillo, Tex., where he engaged in the mercantile business. On February 5, 1927, intervener stored this furniture together with other property, part of which belonged to defendant and part of which belonged to intervener, with a storage company in Okmulgee. The storage receipt was made out to Mrs. R. R. Fulford, care of Fulford Dry Goods Company, Amarillo, Tex. What use was made of this furniture from the time of its delivery to Ramsey-Fulford Company until its storage in Okmulgee, the evidence does not disclose, but it does disclose that, at the time of the attachment, the crates in which the furniture was crated had upon them tags upon which were written the name of defendant, R. R. Fulford. The evidence fails to disclose that intervener, at any time, exercised ownership or control over the property, but, on the contrary, there is evidence to the effect that defendant, by his acts, treated the property as his own. This he did by mortgaging the same and by scheduling the same as his exempt property in a bankruptcy proceeding taken by him after retiring from Ramsey-Fulford Company in Okmulgee.

Intervener attempts to explain the mortgage by testifying that defendant executed the same by her authority and as her agent.

The weight of this evidence was a question for the determination of the trial court.

The evidence relative to the scheduling of the furniture by defendant as his exempt property was objected to by intervener, and it is here urged that the same was incompetent, and, therefore, erroneously admitted. We think the objection not well taken. In 28 C. J., at page 664, the following rule is announced:

"Evidence of the possession or control of the subject of a gift, or of an assertion of right thereto, by one or the other of the parties, is admissible to prove or disprove the fact of a completed gift."

Under this authority, the evidence was properly admitted.

There were other objections to the admission of evidence, but we think them not well taken.

The trial court found that, under the evidence, there was no completed gift. There is evidence reasonably tending to support this finding, and, under repeated holdings of this court, we are bound thereby.

Judgment should be affirmed.

BENNETT, HALL, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 60 A. L. R. 1055; 12 R. C. L. p. 932 et seq.; R. C. L. Perm. Supp. p. 3219. (2) 12 R. C. L. p. 790; R. C. L. Perm. Supp. p. 3231; (3) 2 R. C. L. p. 203; R. C. L. Perm. Supp. p. 376.